E-FILED
Tuesday, 01 December, 2020  04:07:49 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

|  |  |  |
|---|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | ) ) ) ) ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 1:20-cv-01177 |
| v. | ) ) | |
| ARGENT TRUST COMPANY, JAN ROUSE, and EDWARD C. MILLER, | ) ) ) ) ) | |
| *Defendants*. | ) | |

### ANSWER OF ARGENT TRUST COMPANY TO COMPLAINT

Defendant Argent Trust Company ("Argent" or "Defendant") by and through the undersigned counsel, submits this answer to Plaintiff's Complaint (the "Complaint"), as follows:

1.     Argent admits that Plaintiff purports to bring this suit against Argent in its capacity as Trustee for the Morton Buildings, Inc., Leveraged Employee Stock Ownership Plan (the "ESOP") and against Jan Rouse and Edward C. Miller (the "Individual Defendants").  Argent admits that the ESOP acquired shares of Morton Buildings, Inc. ("Morton") in 2017.  Argent lacks sufficient knowledge to form a

belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore denies those allegations.[1]

2.    Argent lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 2, which are about another Party to the litigation, and therefore denies those allegations.

3.    Argent admits that Plaintiff purports to bring this action under Sections 404, 406, 409, 410, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § § 1104, 1106, 1109, 1110, and 1132(a).  Argent denies that the ESOP suffered any losses and denies that the ESOP paid more than fair market value when it purchased shares of Morton stock in 2017, or at any other time, and denies the remaining allegations in Paragraph 3.

4.    Argent denies the allegations in Paragraph 4.

5.    Argent admits that Morton is a privately held, 100% employee owned company.  Argent admits Morton adopted the ESOP effective January 1, 2017. Argent admits that on May 8, 2017, the ESOP purchased 2,005,662 shares of Morton's common stock, that 1,956,992 shares were purchased at $75.25 per share for $147,263,648 and 48,670 shares were purchased at $10.75 per share for $523,229.  Argent admits that the reduced share price between the ESOP and Morton for the 48,670 shares was due to a decrease in the fair market value of Morton's shares following (and in large part because of) the issuance of debt to finance the $147,263,648 portion of the transaction.  Argent admits that the stock

---

[1] All referenced paragraphs refer to the numbered paragraphs of the Complaint.

purchase was financed in the routine and common way alleged in Paragraph 5. Argent denies the remaining allegations in Paragraph 5.

6.     Argent admits that it served as Trustee in the ESOP Transaction.  The terms of its engagement to serve as Trustee in the ESOP Transaction are governed by an engagement letter between Argent Trust Company and Morton Buildings, Inc., which was entered into on April 25, 2017 (the "Engagement Letter"), which speaks for itself.  The Engagement Letter states that Argent agreed to "assume the fiduciary responsibility for determining, in consultation with its advisors, the prudence of entering into the [ESOP Transaction] whether the price proposed to be paid for the stock in the [ESOP Transaction] is for 'adequate consideration' (as defined in [ERISA]), and whether the [ESOP Transaction] is fair from a financial viewpoint to the ESOP and its participants, including whether it is fair relative to other parties in the [ESOP Transaction]." Argent denies the remaining allegations in Paragraph 6.

7.     Argent denies the allegations in Paragraph 7.

8.     Argent denies the allegations in Paragraph 8.

9.     Argent admits that Plaintiff purports to bring this action.  Argent denies the remaining allegations in Paragraph 9.

10.     Argent admits that Plaintiff purports to bring this action under Title I of ERISA, 29 U.S.C. § § 1001 *et seq.*, specifically under ERISA § 502(a), 29 U.S.C. § 1132(a).  Argent denies that Plaintiff is entitled to the relief described in Paragraph 10, or any relief, and denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent admits that this Court has subject matter jurisdiction over ERISA actions.

12.     Paragraph 12 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent admits that venue is proper in this Court.

13.     Argent admits that Morton's address is as alleged and denies the remaining allegations in Paragraph 13.

14.     Argent lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 14, which are about another Party to the litigation, and therefore denies those allegations.

15.      Argent admits that its financial group is headquartered at the address listed in Paragraph 15.  Argent denies the remaining allegations in Paragraph 15.

16.     Argent admits that it served as Trustee in the ESOP Transaction. Argent states that it agreed to "assume the fiduciary responsibility for determining, in consultation with its advisors, the prudence of entering into the [ESOP Transaction] whether the price proposed to be paid for the stock in the [ESOP Transaction] is for 'adequate consideration' (as defined in [ERISA]), and whether the [ESOP Transaction] is fair from a financial viewpoint to the ESOP and its participants, including whether it is fair relative to other parties in the [ESOP Transaction]" pursuant to the terms of the Engagement Letter and that document speaks for itself.  Argent denies the remaining allegations in Paragraph 16.

17.     The Notes to Financial Statements of the ESOP's 2017 Form 5500 speak for themselves and Argent denies the allegations in Paragraph 17 to the extent they conflict, in letter or in spirit, with the ESOP's Forms 5500.

18.     Paragraph 18 states legal conclusions that do not call for a response. To the extent a response is required, Argent denies the allegations in Paragraph 18.

19.     Argent admits that at the time of the ESOP Transaction Jan Rouse was a Director of Morton.   Argent lacks sufficient information regarding the remaining allegations in the Paragraph and therefore denies the remaining allegations in Paragraph 19.

20.     Argent admits that at the time of the ESOP Transaction Edward C. Miller was a Director and officer of Morton and that Edward C. Miller sold Morton stock in the ESOP Transaction.   Argent lacks sufficient information regarding the remaining allegations in the Paragraph and therefore denies the remaining allegations in Paragraph 20.

21.     Argent admits that Morton is headquartered in Morton, Illinois, is engaged in post-frame manufacturing and construction, and is a private company. Argent denies the remaining allegations in Paragraph 21.

22.     Argent admits that Morton was founded in 1903 by John Getz Sr., as the Interlocking Fence Company.   Argent denies the remaining allegations in Paragraph 22.

23.     Argent admits the allegations in Paragraph 23.

24.     Argent admits the allegations in Paragraph 24.

25.     Argent admits that Morton elected to become an S corporation effecting January 1, 2018.  Argent denies the remaining allegations in Paragraph 25.

26.     Argent admits that Morton is a privately-held company.  Argent denies the remaining allegations in Paragraph 26.

27.     Argent admits the allegations in Paragraph 27.

28.     Paragraph 28 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent admits that the ESOP is a pension plan governed by ERISA.

29.     Argent admits the allegations in Paragraph 29.

30.     Argent admits the allegations in Paragraph 30.

31.     Argent admits the allegations in Paragraph 31.

32.     Paragraph 32 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent admits the allegations in Paragraph 32.

33.     Argent admits that employees of Morton are eligible to participate in the ESOP.  Argent denies the remaining allegations in Paragraph 33.

34.     Paragraph 34 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 34.

35.     The ESOP's Forms 5500 speak for themselves and Argent denies the allegations in Paragraph 35 to the extent they conflict, in letter or in spirit, with the ESOP's Forms 5500.

36.     Paragraph 36 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 36.

37.     The ESOP's Forms 5500 speak for themselves and Argent denies the allegations in Paragraph 37 to the extent they conflict, in letter or in spirit, with the ESOP's Forms 5500.

38.     Paragraph 38 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent states that the ESOP held Morton stock.

39.     The ESOP Plan Document speaks for itself and states that Morton has the right "to designate a committee consisting of at least 2 persons to serve as Plan Administrator or to carry out any and/or all of its responsibilities of control and management of the operation and administration of the ESOP."  Argent denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains speculation, not facts, and demonstrates a lack of a good faith basis for the allegations in this Paragraph.  Argent denies the allegations in Paragraph 40.

41.     The terms of Argent's engagement as Trustee are governed by the Engagement Letter, which speaks for itself and states that Argent agreed to "serve

as trustee" under the ESOP and to "assume the fiduciary responsibility for determining, in consultation with its advisors, the prudence of entering into the [ESOP Transaction] whether the price proposed to be paid for the stock in the [ESOP Transaction] is for 'adequate consideration' (as defined in [ERISA]), and whether the [ESOP Transaction] is fair from a financial viewpoint to the ESOP and its participants, including whether it is fair relative to other parties in the [ESOP Transaction]." Argent denies the remaining allegations in Paragraph 41.

42.     The terms of Argent's service as Trustee of the ESOP are governed by the Engagement Letter, which speaks for itself and states that Argent "assume[d] the fiduciary responsibility for determining, in consultation with its advisors, the prudence of entering into the [ESOP Transaction] whether the price proposed to be paid for the stock in the [ESOP Transaction] [was] for 'adequate consideration' (as defined in [ERISA]), and whether the [ESOP Transaction] [was] fair from a financial viewpoint to the ESOP and its participants, including whether it [was] fair relative to other parties in the [ESOP Transaction]." Argent denies the remaining allegations in Paragraph 42.

43.     Argent admits that on May 8, 2017, the ESOP purchased 2,005,662 shares of Morton common stock, and that the stock was purchased for the prices alleged in Paragraph 43. Argent denies the remaining allegations in Paragraph 43.

44.     Argent admits the allegations in Paragraph 44.

45.     Argent admits the allegations in Paragraph 45.

46.     Argent lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies those allegations.

47.     Argent admits that the shareholders who sold shares in the ESOP Transaction collectively held the majority of Morton common stock at that time. Argent denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 contains Plaintiff's contains speculation, not facts, and demonstrates a lack of a good faith basis for the allegations in this Paragraph. Argent denies the allegations in Paragraph 48.

49.     Argent lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 49 and therefore denies those allegations.

50.      Paragraph 50 contains Plaintiff's contains speculation, not facts, and demonstrates a lack of a good faith basis for the allegations in this Paragraph. Argent denies the allegations in Paragraph 50.

51.     Argent states that its retention of Prairie Capital Advisors, Inc. as "an independent appraiser and financial advisor," occurred pursuant to the terms of the Engagement Letter, which speaks for itself.   Argent denies the remaining allegations in Paragraph 51.

52.     Argent states that Morton stock was valued at: $58.04 per share as of December 31, 2016; $75.25 per share as of May 8, 2017; $33.78 per share as of December 31, 2017; and $29.48 per share as of December 31, 2018.  Argent further states that these valuations present no inference of wrongdoing, denies that it engaged in any wrongdoing, and denies the remaining allegations in Paragraph 52.

9

53.     Paragraph 53 contains Plaintiff's contains speculation, not facts, and demonstrates a lack of a good faith basis for the allegations in this Paragraph. Paragraph 53 also misstates the governing legal standards.  Argent denies that it overpaid for Morton stock in the ESOP Transaction or at any time and denies the remaining allegations in Paragraph 53.

54.     Argent denies the allegations in Paragraph 54.

55.     Argent denies that Plaintiff is entitled to any relief and denies the allegations in Paragraph 55.

56.     Argent denies that Plaintiff is entitled to any relief and denies the allegations in Paragraph 56.

57.     Argent admits that it was paid for its work as the ESOP's trustee in accordance with the terms of the Engagement Letter, which speaks for itself. Argent denies the remaining allegations in Paragraph 57.

58.     The Notes to Financial Statements of the ESOP's 2017 Form 5500 (the "2017 Notes") speak for themselves and Argent denies the allegations in Paragraph 58 to the extent they conflict, in letter or in spirit, with the 2017 Notes.

59.     Argent denies that something called the "Engagement Indemnification Agreement" exists.  The Engagement Letter, which speaks for itself, contains the following term:

> Recognizing that transactions of the type contemplated in this letter agreement  can result in government investigations, litigation, or other proceedings, the COMPANY agrees to indemnify and hold ARGENT and its directors, employees, and officers (individually an "Indemnitee" and collectively the "Indemnitees") harmless against and from all claims, damages,

10

expenses, fees, liabilities, and losses to which any or all of the Indemnitees may become subject under any applicable federal or state law or otherwise relating to the Proposed Transaction or ARGENT's duties as ESOP trustee (including all events that occurred prior to ARGENT becoming the trustee under the ESOP).

The COMPANY's agreement to indemnify and hold the Indemnitees harmless shall not apply to any claim, damage, expense, liability, or loss that is attributable to any Indemnitee's breach of fiduciary duty under ERISA, gross negligence, or willful misconduct.

Argent denies the remaining allegations in Paragraph 59.

60.    Paragraph 60 contains Plaintiff's contains speculation, not facts, and demonstrates a lack of a good faith basis for the allegations in this Paragraph. Argent denies that something called the "Engagement Indemnification Agreement" exists.   The Engagement Letter, which contains the provision referenced in Paragraph 60, speaks for itself and Argent denies the allegations in Paragraph 60 to the extent they conflict, in letter or in spirit, with the Engagement Letter. Argent denies the remaining allegations in Paragraph 60.

61.    The Trust Agreement, which speaks for itself, contains the following term:

The term "Indemnitees" shall mean the Trustee and the Trustee's affiliates and their directors, employees, and officers. Subject to the applicable provisions of ERISA, the Company and all Employers shall indemnify the Indemnitees for any claims, damages, expenses, fees, liabilities and losses, including reasonable attorney's fees, any of the Indemnitees suffer resulting from any legal proceedings related in any way to the performance of services by any one or more of the Indemnitees pursuant to the provisions of this Trust Agreement. . . However, these indemnification provisions shall not apply to the extent that any cost, damage, expense, or loss with respect to which

11

> any of the Indemnitees shall seek indemnification is held by a court of competent jurisdiction, in a final judgment from which no appeal is taken, to have resulted either from the gross negligence of one or more of the Indemnitees, from the willful misconduct of one or more of the Indemnitees  or from the breach of any fiduciary duty imposed under ERISA by any one or more of the Indemnitees.

Argent denies the remaining allegations in Paragraph 61.

62.     The Engagement Letter and the Trust Agreement speak for themselves and Argent denies the allegations in Paragraph 62 to the extent they conflict, in letter or in spirit, with those documents.  Answering further, the second sentence in Paragraph 62 states a legal conclusion that does not call for a response. To the extent a response is required, Argent denies the remaining allegations in Paragraph 62.

63.     The Engagement Letter and the Trust Agreement speak for themselves and Argent denies the allegations in Paragraph 63 to the extent they conflict, in letter or in spirit, with those documents.  Answering further, Argent denies the remaining allegations in Paragraph 63.

64.     The Engagement Letter and the Trust Agreement speak for themselves and Argent denies the allegations in Paragraph 64 to the extent they conflict, in letter or in spirit, with those documents.  Answering further, Argent denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 65.

66.     Argent denies the allegations in Paragraph 66.

67.     Argent incorporates its responses to the preceding paragraphs as though set forth herein.

68.     Paragraph 68 states legal conclusions that do not call for a response. To the extent a response is required, and to the extent Paragraph 68 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies that it breached ERISA or caused a prohibited transaction to occur and denies the remaining allegations in Paragraph 68.

69.     Paragraph 69 states legal conclusions that do not call for a response. To the extent a response is required, and to the extent Paragraph 69 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies that it breached ERISA or caused a prohibited transaction to occur and denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 states legal conclusions that do not call for a response. To the extent a response is required, and to the extent Paragraph 70 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies that it caused a prohibited transaction to occur and denies the remaining allegations in Paragraph 70.

71.     Argent states that it approved the ESOP Transaction.  Argent further states that Paragraph 71 states legal conclusions that do not call for a response.  To the extent a response is required, Argent denies the remaining allegations in Paragraph 71.

72.     Paragraph 72 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 72.

73.     To the extent Paragraph 73 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 73.

74.     Argent denies the allegations in Paragraph 74.

75.     Paragraph 75 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 75.

76.     Paragraph 76 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 76.

77.     To the extent Paragraph 77 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 77.

78.     To the extent Paragraph 78 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 78.

79.     Paragraph 79 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 79.

80.    Argent incorporates its responses to the preceding paragraphs as though set forth herein.

81.    To the extent Paragraph 81 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 81.

82.    To the extent Paragraph 82 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 82.

83.    To the extent Paragraph 83 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 83.

84.    To the extent Paragraph 84 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 84.

85.    Paragraph 85 calls for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent Paragraph 85 refers to ERISA provisions and standards, those statutes speak for themselves. Argent denies that it breached its fiduciary duties, denies that the valuation for the ESOP Transaction did not reflect the fair market value of Morton stock, and denies the remaining allegations in Paragraph 85.

86.     Paragraph 86 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 86.

87.     Paragraph 87 calls for a legal conclusion to which no response is required.  To the extent a response is required, Argent denies the allegations in Paragraph 87.

88.     Argent incorporates its responses to the preceding paragraphs as though set forth herein.

89.     Paragraph 89 calls for legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 89 refers to ERISA provisions and standards, those statutes speak for themselves. Argent denies the remaining allegations in Paragraph 89.

90.     To the extent Paragraph 90 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 90.

91.     To the extent Paragraph 91 refers to ERISA provisions and standards, those statutes speak for themselves.  Argent denies the remaining allegations in Paragraph 91.

92.     The Engagement Letter, which speaks for itself, contains the following term:

> Recognizing that transactions of the type contemplated in this letter agreement  can result in government investigations, litigation, or other proceedings, the COMPANY agrees to indemnify and hold ARGENT and its directors, employees, and

16

officers (individually an "Indemnitee" and collectively the "Indemnitees") harmless against and from all claims, damages, expenses, fees, liabilities, and losses to which any or all of the Indemnitees may become subject under any applicable federal or state law or otherwise relating to the Proposed Transaction or ARGENT's duties as ESOP trustee (including all events that occurred prior to ARGENT becoming the trustee under the ESOP).

The COMPANY's agreement to indemnify and hold the Indemnitees harmless shall not apply to any claim, damage, expense, liability, or loss that is attributable to any Indemnitee's breach of fiduciary duty under ERISA, gross negligence, or willful misconduct.

The Trust Agreement, which speaks for itself, contains the following term: "If there is any conflict between any provision of this Article IX and [Argent's] engagement letter with the Company, the terms of the engagement letter shall control." Argent denies the remaining allegations in Paragraph 92.

93. To the extent that Paragraph 93 refers to the Trust Agreement or the Engagement Letter, those documents speak for themselves and Argent denies the allegations in Paragraph 93 to the extent they conflict, in letter or in spirit, with those documents. Answering further, Argent denies the remaining allegations in Paragraph 93.

94. Paragraph 94 calls for a legal conclusion to which no response is required. To the extent a response is required, and to the extent Paragraph 94 refers to ERISA provisions and standards, those statutes speak for themselves. Argent denies that it breached its fiduciary duties and denies the remaining allegations in Paragraph 94.

95.     Paragraph 95 calls for a legal conclusion to which no response is required.   To the extent a response is required, Argent denies that Plaintiff is entitled to any relief, denies that it caused any prohibited transactions to occur, and denies the remaining allegations in Paragraph 95.

96.     Argent incorporates its responses to the preceding paragraphs as though set forth herein.

97.     The allegations in Paragraph 97 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 101.

102.   The allegations in Paragraph 102 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 102.

103.   The allegations in Paragraph 103 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 103.

104.   The allegations in Paragraph 104 are not directed against Argent and therefore do not require a response from Argent.   To the extent a response is required, Argent denies the allegations in Paragraph 104.

105.   Argent admits that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of the group described in Paragraph 105. Argent denies that the action can be properly maintained as a class action.  Argent denies the remaining allegations in Paragraph 105.

106.   Paragraph 106 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 106.

107.   Paragraph 107 states a legal conclusion that does not call for a response, to the extent a response is required, Argent denies the allegations in Paragraph 107, and each of its subparts.

108.   Paragraph 108 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 108.

19

109.   Paragraph 109 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 109.

110.   Paragraph 110 states a legal conclusion that does not call for a response.  To the extent a response is required, Argent denies the allegations in Paragraph 110.

111.   Argent denies that this action may be brought as a class action and denies the remaining allegations in Paragraph 111.

Argent denies each and every allegation in the Complaint not specifically addressed herein.

Argent denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" in her Amended Complaint.  Argent further prays for judgment in its favor and against Plaintiff on all counts of the Complaint and seeks an award of attorneys' fees in an amount the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Argent satisfied its fiduciary obligations under ERISA and acted in accordance with industry norms and standards.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Argent reasonably relied upon the professional opinion and determinations of its advisors.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the ESOP has suffered no actual economic losses or damages, as required by ERISA § 409, 29 U.S.C. § 1109, or otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the ESOP has suffered no economic losses or damage, and therefore Plaintiff lacks standing to assert claims on behalf of the ESOP and/or its participants.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no causation or connection between the alleged breaches and any alleged economic loss or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged economic loss or damage suffered by the ESOP is not attributable to Argent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they are based upon or arise from acts or omissions of third parties over whom Argent had no supervision or control, and which constitute the intervening and superseding cause of any alleged economic loss or damage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged loss or damage would constitute unjust enrichment and/or improper windfall to the ESOP.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the ESOP paid adequate consideration for the Morton stock at issue.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the consideration paid by the ESOP represented no more than fair market value.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the transaction at issue qualified for one or more exemptions in ERISA § 408, 29 U.S.C. § 1108.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not appropriate for class action adjudication.

Dated: December 1, 2020

Respectfully submitted,

By: /s/ *Jeffrey S. Russell*

Jeffrey S. Russell
Barbara A. Smith
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
jsrussell@bclplaw.com
barbara.smith@bclplaw.com

*Attorneys for Argent Trust Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 1, 2020 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Jeffrey S. Russell* _____