E-FILED
Thursday, 19 August, 2021  10:25:52 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, <br>        Plaintiff, <br><br> v. <br><br> ARGENT TRUST COMPANY, JAN ROUSE, and EDWARD C. MILLER, <br>        Defendants. | Case No. 1:20-cv-01177-MMM-JEH |

**Order**

Now before the Court is the Plaintiff's Motion for Leave Amend Complaint (Doc. 44), Defendants Jan Rouse and Edward Miller's Response in Opposition (Doc. 48), Joinder of Defendant Argent Trust Company in Support of Jan Rouse and Edward C. Miller's Response in Opposition (Doc. 49), the Plaintiff's Reply in Further Support of her Motion for Leave to Amend the Complaint (Doc. 51), Defendants Rouse and Miller's Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 52), and Defendant Argent Trust Company's Joinder in Rouse and Miller's Sur-Reply (Doc. 53).  For the reasons set forth below, the Plaintiff's Motion is GRANTED.

**I**

On April 30, 2020, Plaintiff Jackie Lysengen, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan (ESOP) filed her lawsuit against Argent Trust Company (Argent), the trustee for the ESOP when it

1

acquired shares of Morton Buildings, Inc. (Morton), and selling shareholders Jan Rouse and Edward C. Miller.  Plaintiff Lysengen is a participant in the ESOP who was vested in shares of Morton allocated to her account in the ESOP.  She alleged that the ESOP and its participants suffered losses caused by Argent when it caused the ESOP to buy shares of Morton for more than fair market value in May 2017.  Morton was founded in 1903 by John Getz Sr. and was owned by the Getz family for 113 years until the 2017 ESOP transaction.  Via the 2017 transaction, Morton Buildings, Inc. became wholly-owned by the Morton Buildings, Inc. ESOP.  Specifically, the Plaintiff alleged that the ESOP transaction allowed selling shareholders including Defendants Rouse and Miller (who were Morton Directors), and other persons including members of the Getz Family, to "unload their interests in Morton above fair market value and saddle the [ESOP] with tens of millions of dollars of debt over a 30-year repayment period to finance the Transaction."  (Doc. 1 at pg. 3).  The Plaintiff included:  Count I against Argent for causing and engaging in prohibited transactions in violation of § 406(a)-(b) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1106(a)-(b); Count II against Argent for breaches of fiduciary duty under ERISA § 404(a), 29 U.S.C. § 1104(a); Count III against Argent for violations of ERISA § § 410 and 404(a)(1)(A), (B), 29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B); and Count IV pursuant to 29 U.S.C. § 1132(a)(3) against Rouse and Miller as parties in interest to the ESOP, for their knowing participation in the ESOP transaction prohibited under ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).[1]

On January 8, 2021, the Court set the discovery schedule in this case which included a deadline to amend the pleadings and join additional parties of June 4, 2021 and a deadline of March 31, 2022 for the close of all discovery.  Dispositive

---

[1] The Plaintiff included class allegations as well.

motions are currently due by April 22, 2022.  On June 4, 2021, the Plaintiff filed the instant Motion for Leave to Amend Complaint in which she requests leave to amend the Complaint to add the Getz Family Limited Partnership, the Estate of Henry A. Getz and its beneficiaries and successors,[2] and the Estate of Virginia Miller and its beneficiaries and successors[3] as defendants.  The proposed First Amended Complaint adds allegations including that the Getz Family Limited Partnership, Henry A. Getz, and Virginia Miller were parties in interest[4] to the ESOP (along with Defendants Rouse and Miller) who sold shares in the ESOP transaction.  The proposed First Amended Complaint further alleges that the "Defendant Shareholders" – Rouse and Miller and the Getz Family Limited Partnership, the Estate of Henry A. Getz, and the Estate of Virginia Miller – "are liable under ERISA for participating in the prohibited transactions and in Argent's breaches of fiduciary duty."  (Doc. 44-1 at pg. 4).  Proposed amended Count IV is accordingly against all five of the Defendant Shareholders.

After the Plaintiff filed the instant Motion to amend and the Defendants filed their Responses, the Plaintiff made an oral motion to file a reply in support of her Motion to amend.  The Court granted that request and set a deadline of the July 21, 2021 for the Plaintiff to file her reply and a deadline of July 27, 2021 for the Defendants to file sur-replies.

## II

Federal Rule of Civil Procedure 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, leave to amend may be denied

---

[2] Defendant Jan Rouse is the executor of the Estate of Henry A. Getz and is Henry's daughter.

[3] Defendant Edward C. Miller is one of the executors of the Estate of Virginia Miller and is Virginia's son.

[4] The proposed First Amended Complaint alleges the Getz Family Limited Partnership, Henry A. Getz, and Virginia Miller were parties in interest as defined in § 3(14) of ERISA, 29 U.S.C. § 1002(14), as they were "10 percent or more shareholder[s] directly or indirectly of Morton at the time of the ESOP transaction."  (Doc. 44-2 at pg. 7).

where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted). The Defendants argue the Plaintiff's Motion to amend should be denied because she has failed to explain the delay in seeking leave to amend and her proposed amendment is futile.

**1**

The Defendants argue that the Plaintiff's Motion to amend does not provide any explanation as to why she waited to seek leave to amend until the last day to amend pleadings or add parties. They contend that material to identify the three new parties has been in the Plaintiff's possession for months. Specifically, they say the Plaintiff received a copy of transaction documents identifying the new parties as selling shareholders and their percentage ownership in early April 2021, and in December 2020, she was granted access to all of the trial exhibits in the prior state court litigation, *Getz Family, L.P. v. Morton Buildings, Inc.*, No. 15-CH-351 (Ill. Cir. Ct. Tazewell Cnty.), which contained significant material about the ESOP transaction at issue in this case. The Plaintiff counters that she did not delay so as to warrant the denial of her Motion to amend given that she sought to do so by the court ordered deadline. While she concedes that the documents produced in this case in April 2021 included information sufficient to identify the selling shareholders, the Plaintiff emphasizes that particular document production was made just two months before she sought leave to amend. As for the trial exhibits, the Plaintiff notes that the ESOP transaction at issue in this case (in May 2017) had obviously not yet occurred at the time of the October 2016 trial in the Illinois State case.

The Court rejects the Defendants' argument that the Plaintiff's failure to explain the "delay" in seeking to amend warrants denial of her request to do so.

First of all, to contend the Plaintiff "delayed" is inapt; she filed her Motion to amend *on the date the parties' agreed to* as the deadline to amend the pleadings and add parties. The passage of two months' time between an enlightening document production and moving to amend is not sufficiently excessive to deny the latter where, again, the Plaintiff nevertheless met the deadline to amend. The Defendants do not sufficiently elaborate on how the production of October 2016 trial exhibits permitted the Plaintiff to sooner amend her Complaint which is based upon a May 2017 ESOP transaction.

The parties also mention undue prejudice. The singular fact that the Plaintiff met the *agreed* deadline to amend her Complaint militates against a finding that undue prejudice will result to the Defendants if the amendment is allowed. Further, the Defendants argue only that the addition of three new parties "could" significantly expand the scope of discovery and delay the proceedings as they become involved in the litigation and "potentially" introduces new counsel for the new defendants. (Doc. 48 at pg. 10); (Doc. 49 at pg. 3). Further still, more than six months remain before discovery closes in this case. While the amendment adds three new parties, the claim against them is one that has been in this case since the beginning (Count IV). The proposed estate defendants have as executors Defendants Rouse and Miller who have been in this case since the beginning. All these facts taken together convince the Court that the Defendants will not be unduly prejudiced by the amendment of the Plaintiff's Complaint at this time.

**2**

In support of their assertion that the Plaintiff's proposed amendment is futile, they make three particular arguments: the proposed First Amended Complaint fails to allege facts to state a plausible claim for relief against the new parties; the Court lacks subject matter jurisdiction over the proposed estate defendants; and the Estate of Henry A. Getz lacks capacity to be sued. Over the

course of two Responses, a Reply, and a Sur-Reply, the parties cite an extensive amount of case law from within and outside the Seventh Circuit, published and unpublished and cite case law and statutory authority from Illinois, and the Defendants have attached to their briefs orders and documents entered in the state probate proceedings for the Estate of Henry A. Getz and the Estate of Virginia G. Miller.  Each party makes detailed arguments as to their respective positions on the issue of futility.

True, as provided *supra*, futility is a reason to deny a motion to amend a pleading and an amendment is futile when the new pleading would not survive a motion to dismiss. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Here, the parties manage to dispute at length the otherwise straightforward issue of facial plausibility before they reach the more nuanced questions pertaining to the proposed estate defendants of subject matter jurisdiction and the capacity to be sued.  The Seventh Circuit Court of Appeals has stated, "A district court need not allow the filing of an amended complaint . . .  if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see also Bausch*, 630 F.3d at 559 ("In deciding whether a complaint can survive a motion to dismiss, we have consistently said:  As a general rule . . . notice pleading remains the standard") (internal quotation omitted).  The parties cite entirely different cases in support of their respective positions.  Put mildly, it is *un*clear that the Plaintiff's proposed amendments are deficient, especially given that federal courts require only notice pleading.  The Plaintiff questions in a footnote in her Reply whether the current Defendants even have standing to make

the proposed estate defendants' Federal Rule of Civil Procedure 12(b)(6) arguments.  The Court remains mindful that Federal Rule of Civil Procedure 15(a)(2) sets forth a "*liberal* standard for amending pleadings."  *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (emphasis added); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s declaration that leave to amend "shall be freely given when justice so requires" is a "mandate to be heeded").  If the Court were to fully entertain the parties' arguments at this time - via a motion to amend a complaint pursuant to Rule 15(a)(2) – the liberal standard for the amendment of pleadings plainly set forth in Rule 15(a)(2) would be abrogated.

## III

For the reasons set forth above, the Plaintiff's Motion for Leave Amend Complaint (Doc. 44) is GRANTED.  The Clerk is directed to file the proposed First Amended Complaint (Doc. 44-1).  The Defendants are directed to file their answers or other responsive pleadings to the First Amended Complaint by August 24, 2021.

*It is so ordered.*

Entered on August 19, 2021.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE