IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARGENT TRUST COMPANY, EDWARD C. MILLER, GETZ FAMILY LIMITED PARTNERSHIP, ESTATE OF HENRY A. GETZ, and ESTATE OF VIRGINIA MILLER <br><br> Defendants. | Case No. 1:20-cv-01177-MMM-JEH |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF CLASS CERTIFICATION
AND IN OPPOSITION TO RESPONSE OF EDWARD MILLER AND THE ESTATES**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

CONCLUSION ............................................................................................................................ 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cigna Corp. v. Amara*,
    563 U.S. 421 (2011)..................................................................................................3

*Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*,
    530 U.S. 238 (2000)..................................................................................................2

*Perez v. Bruister*,
    823 F.3d 250 (5th Cir. 2016) ....................................................................................1

*Rogers v. Baxter Int'l Inc.*,
    No. 04 C 6476, 2006 WL 794734, at *12 (N.D. Ill. Mar. 22, 2006) .........................2

*Threadford v. Horizon Tr. & Inv. Mgmt.*,
    No.: 2:20-CV-00750, 2021 WL 5105330 (N.D. Ala. Oct. 29, 2021) ........................2

**Rules**

Fed. R. Civ. P. 23(b)(1).......................................................................................................2

**Statutes**

ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A) ...........................................................2

ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D) ...........................................................2

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)–(3) ............................................................1, 2

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ...................................................................1, 2

Plaintiff Jackie Lysengen submits this reply to Response by Defendants Edward Miller and the Estates in Opposition to Plaintiff's Motion for Class Certification (ECF No. 98). For the reasons stated herein and in Plaintiff's initial motion (ECF No. 54–55), the Court should grant Plaintiff's motion for certification of a class.

As an initial matter, the instant motion for class certification seeks a class for "Plaintiff's claims" and does not carve out any claim, including Count IV, which is the sole count asserted against Defendant Edward C. Miller ("Miller"), and against Defendants Estate of Henry A. Getz and Estate of Virginia Miller (together, "the Estates"). ECF No. 54 ("Motion") ¶ 2; *see also* ECF No. 55 ("Pl. Br.") at 1 (moving "for an order *certifying this litigation* as a class action") (emphasis added); Pl. Br. at 8 (referencing knowledge of the pre-Amended Complaint Count IV defendants of ESOP Transaction as a common question supporting commonality). Miller and the Estates' suggestion to the contrary in their response brief is mistaken. ECF No. 98 ("Opp'n") at 1.

Miller and the Estates' argument that a class should not be certified on Count IV because it is asserted under ERISA § 502(a)(3) rather than § 502(a)(2) identifies a distinction without a difference. 29 U.S.C. § 1132(a)(2)–(3). While relief to individual participants is in some lawsuits sought under § 502(a)(3), in this case it is not. Rather, just as in her Count I prohibited transaction claims under § 502(a)(2), Plaintiff seeks restoration of the Plan's losses for its overpayment for Morton Buildings, Inc. stock in her Count IV knowing participation in prohibited transactions claims, and not just her or a subset of participants' losses. *See* First Amended Complaint ("FAC") (ECF No. 57) ¶¶ 10, 102, 106, 107, & Prayer for Relief ¶¶ D, E. In a private company ESOP case like this one, the plan's losses are "coterminous" with the losses of the plan's participants, here the class. *Perez v. Bruister*, 823 F.3d 250, 258 (5th Cir.

1

2016) ("the 'loss [] to the plan' is the amount that the ESOP overpaid for BAI stock. Consequently, the losses suffered by the participants in the ESOP are coterminous with those of the plan, and [Plaintiff's] individual claim is proportional to the claims and losses of fellow participants."). There is no basis to treat Count IV differently than Count I because it is brought under the § 502(a)(3) enforcement mechanism rather than § 502(a)(2).

Put another way, Count IV asserts a claim that Miller and the Estates' decedents knowingly participated in the ERISA § 406(a)(1)(A) and (D) prohibited transactions caused by Argent and alleged in Count I. *See* FAC ¶ 105; 29 U.S.C. § 1106(a)(1)(A) & (D). Such knowing participation claims are derivative of the underlying prohibited transaction claims. *See Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000); *Threadford v. Horizon Tr. & Inv. Mgmt.*, No.: 2:20-CV-00750, 2021 WL 5105330, at *4 (N.D. Ala. Oct. 29, 2021). That is, the statutory violations alleged in Counts I and IV are both under § 406(a)(1)(A) and (D). The risk of inconsistent judgments considered under Fed. R. Civ. P. 23(b)(1) on these § 406 claims is the same whether brought in Count I or Count IV. There is no basis to treat Count IV differently than the underlying Count I for class certification purposes, and Miller and the Estates have cited no private company ESOP case in which individual defendants were treated differently than a trustee under their theory.[1]

---

[1] *Rogers v. Baxter Int'l Inc.* is distinguishable because, unlike the claim here seeking restoration of the Plan's losses, the relief there would "not necessarily inure to the Plan as a whole." No. 04 C 6476, 2006 WL 794734, at *12 (N.D. Ill. Mar. 22, 2006). Defendants' vague suggestion that the relief Plaintiff seeks is somehow inappropriate (Opp'n at 2) is not well taken. Section 502(a)(3) authorizes "appropriate equitable relief," such as restitution or disgorgement to recover ill-gotten proceeds from a non-fiduciary. 29 U.S.C. § 1132(a)(3); *Harris Trust*, 530 U.S. at 253 ("an action for restitution against a transferee of tainted plan assets satisfies the 'appropriate[ness]' criterion in § 502(a)(3). Such relief is also 'equitable' in nature."). The disgorgement to the Plan sought here is not prohibited by Rule 23(b)(1), but to the contrary shows the risk of inconsistent judgments in various cases ordering different relief to the Plan. And while Defendants cite an out-of-circuit district court decision relating to surcharge (Opp'n at

The remaining arguments made by Miller and the Estates incorporate the arguments made by their co-defendant Argent. Plaintiff likewise refers to and incorporates her arguments against Argent's opposition brief set forth in her concurrently filed reply.

Dated: January 7, 2022

Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Patrick O. Muench*
Patrick O. Muench
318 W. Adams St., Suite 1606
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (304) 342-1110
pmuench@baileyglasser.com

Gregory Y. Porter
Ryan T. Jenny
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Plaintiff*

---

2), Plaintiff here did not assert a breach of fiduciary duty claim against them under which a surcharge remedy is possible; she is not seeking different damages to various participants but relief to the Plan; and she only listed surcharge (FAC ¶ 107) as a remedy theoretically possible under *Cigna Corp. v. Amara*, 563 U.S. 421, 442 (2011). Her motion does not argue for such relief against Miller and the Estates; she is seeking disgorgement.

3

## **CERTIFICATE OF SERVICE**

I certify that on January 7, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record as follows:

> Jeffrey Russell
> Barbara Anne Smith
> Bryan Cave Leighton Paisner, LLP
> One Metropolitan Square
> 211 North Broadway
> Suite 3600
> St. Louis, MO 63102
> (314) 259-2000
> Email: jsrussell@bclplaw.com
> Email: barbara.smith@bclplaw.com
> *Counsel for Defendant Argent Trust Company*
>
> Chelsea McCarthy
> Tammy Tabush
> Holland & Knight LLP
> 150 N. Riverside
> 27th Floor
> Chicago, IL 60606
> (312) 263-3600
> Email: chelsea.mccarthy@hklaw.com
> Email: tammy.tabush@hklaw.com
>
> Lynn E. Calkins
> Holland & Knight, LLP
> Suite 1100
> 800 17th Street NW
> Washington, DC  20006
> (202) 955-5564
> Email: lynn.calkins@hklaw.com

Janaki Hannah Nair
John Elias
Elias Meginnes Riffle & Seghetti
416 Main St.
Ste 1400
Peoria, IL 61602
(309) 637-6000
Email: jnair@emrslaw.com
Email: jelias@emrslaw.com
   *Counsel for Edward C. Miller, Estate of Henry A. Getz and Estate of Virginia Miller*

Patrick S. Coffey
Robert M. Romashko
HUSCH BLACKWELL LLP
Suite 2200
120 S Riverside Plaza
Chicago, IL 60606
(312) 655-1500
Email: patrick.coffey@huschblackwell.com
Email: robert.romashko@huschblackwell.com
   *Counsel for Getz Family Limited Partnership*

          */s/ Patrick O. Muench*
          Patrick O. Muench

**CERTIFICATION**

The undersigned attorney certifies that the foregoing memorandum complies with the type volume limitations of L.R. 7.1(B)(4), because it contains 1,361 words and 6,805 characters, inclusive of all headings, footnotes, and quotations.

*/s/ Patrick O. Muench*
Patrick O. Muench