IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>ARGENT TRUST COMPANY, EDWARD C. MILLER, GETZ FAMILY LIMITED PARTNERSHIP, ESTATE OF HENRY A. GETZ, and ESTATE OF VIRGINIA MILLER<br><br>               Defendants. | Case No. 1:20-cv-01177-MMM-JEH |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
CLASS CERTIFICATION AND IN OPPOSITION TO RESPONSES OF
<u>ARGENT TRUST CO. AND GETZ FAMILY LIMITED PARTNERSHIP</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

    I.      The Class Satisfies the Requirements of Rule 23(a) ............................................. 1

           A.      Commonality and Typicality ..................................................................... 1

           B.      Adequacy .................................................................................................... 3

                 1.      Plaintiff's Testimony Aligns with the First Amended Complaint .. 3

                 2.      Defendants' Spoilation Argument Does Not Defeat Class Certification ................................................................................... 5

                 3.      Plaintiff's Interests Are Consistent With All Class Members ........ 8

    II.     The Class Satisfies the Requirements of Rule 23(b)(1) ..................................... 11

CONCLUSION ................................................................................................................... 12


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbot v. Lockheed Martin Corp.*,
   725 F.3d 803 (7th Cir. 2013) ...............................................................................................11

*Allen v. GreatBanc Trust Co.*,
   835 F.3d 670 (7th Cir. 2016) ..............................................................................................7, 8

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
   568 U.S. 455 (2013) ................................................................................................................8

*Brieger v. Tellabs, Inc.*,
   245 F.R.D. 345 (N.D. Ill. 2007) ............................................................................................12

*Brundle v. Wilmington Trust, N.A.*,
   919 F.3d 763 (4th Cir. 2019) ..................................................................................................7

*CE Design Ltd. v. King Architectural Metals, Inc.*,
   637 F.3d 721 (7th Cir. 2011) ..............................................................................................6, 7

*Chesemore v. Alliance Holdings, Inc.*,
   276 F.R.D. 506 (W.D. Wisc. 2011) ......................................................................................11

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*,
   657 F.2d 890 (7th Cir. 1991) ..............................................................................................3, 4

*Hill v. Shell Oil Co.*,
   No. 98–5766, 2002 WL 663583, at *5 (N.D. Ill. Mar. 28, 2002) ............................................6

*Keele v. Wexler*,
   149 F.3d 589 (7th Cir. 1998) ..................................................................................................2

*Kohen v. Pac. Inv. Mgmt. Co., LLC*,
   571 F.3d 672 (7th Cir. 2009) ................................................................................................11

*McFadden v. Board of Education for Illinois School District U-46*,
   No. 5–760, 2006 WL 681054 (N.D. Ill. Mar. 13, 2006) .........................................................4

*Messner v. Northshore Univ. HealthSystem*,
   669 F.3d 802 (7th Cir. 2012) ..............................................................................................1, 8

*Mooradian v. FCA US, LLC*,
   286 F. Supp. 3d 865 (N.D. Ohio 2017). ..............................................................................5, 6

*Murray v. New Cingular Wireless Servs., Inc.*,
    232 F.R.D. 295 (N.D. Ill. 2005) ................................................................................... 3

*Neil v. Zell*,
    275 F.R.D. 256 (N.D. Ill. 2011) ........................................................................... *passim*

*Nistra v. Reliance Trust Co.*,
    No. 16 C 4773, 2018 WL 835341 (N.D. Ill. Feb. 13, 2018) ..................................... 11

*Oshana v. Coca-Cola Co.*,
    472 F.3d 506 (7th Cir. 2006) ...................................................................................... 2

*Perez v. Bruister*,
    823 F.3d 250 (5th Cir. 2016) ...................................................................................... 7

*Quiroz v. Revenue Prod. Mgmt., Inc.*,
    252 F.R.D. 438 (N.D. Ill. 2008) ................................................................................... 3

*Rush v. GreatBanc Trust Co.*,
    No. 19–738, 2021 WL 2453070 (N.D. Ill. 2021) ..................................................... 11

*Spano v. The Boeing Co.*,
    633 F.3d 574 (7th Cir. 2011) ................................................................................ 2, 10

*Surowitz v. Hilton Hotel Corps.*,
    383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966) .................................................. 3

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 1

Fed. R. Civ. P. 23(b)(1) ........................................................................................... 1, 11, 12

Fed. R. Civ. P. 23(a) ................................................................................................ 1, 4, 12

Fed. R. Civ. P. 23(b)(1)(A) .......................................................................................... 11, 12

Fed. R. Civ. P. 23(b)(1)(B) .......................................................................................... 11, 12

Fed. R. Civ. P. 23(b)(2) .................................................................................................... 11

**Statutes**

29 U.S.C. § 1104(a)(1) ..................................................................................................... 12

29 U.S.C. § 1109(a) ......................................................................................................... 12

29 U.S.C. § 1108(e) ....................................................................................................... 7, 8

**INTRODUCTION**

Plaintiff Jackie Lysengen moved for class certification under Fed. R. Civ. P. 23. (ECF No. 55). Defendant Argent Trust Company ("Argent") opposed the motion (ECF No. 97), and Defendant Getz Family Limited Partnership adopted and joined Argent's opposition. (ECF No. 99).[1] Defendants Argent Trust Company and Getz Family Limited Partnership (together, "Defendants") mistakenly oppose Plaintiff's motion for class certification for not satisfying both Federal Rules of Civil Procedure 23(b)(1) and 23(a). None of Defendants' arguments defeat class certification.

**ARGUMENT**

**I.   The Class Satisfies the Requirements of Rule 23(a)**

The proposed class satisfies the four requirements of 23(a): numerosity, commonality, typicality, and adequacy of representation. See Fed. R. Civ. P. 23(a); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Defendants do not dispute that the numerosity requirement is satisfied. Defendants' arguments against the commonality, typicality, and adequacy requirements are unavailing.

**A.   Commonality and Typicality**

Defendants' combined attack on commonality and typicality incorrectly centers on the argument that putative class members are situated differently based on their share holdings in the KSOP, ESOP, or both. (Defs.' Mem. 21–22). Although this argument appears to mainly be focused on adequacy of representation, Plaintiff briefly details how both commonality and typicality are satisfied in this case.

---

[1] Defendants Edward C. Miller, Estate of Henry A. Getz and Estate of Virginia Miller also filed an opposition (ECF. No. 98), to which Plaintiff is replying separately in a concurrently filed brief.

The commonality requirement is satisfied by "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class." *Id.* Here, this requirement is more than satisfied because the allegations against the Defendants in the First Amended Complaint arise from the exact same common nucleus of operative facts, without any factual variations between class members, and the legal claims are identical for all class members. As in *Neil v. Zell*, 275 F.R.D. 256, 261 (N.D. Ill. 2011), Plaintiff's "allegations all unquestionably stem from the same occurrence," which is the ESOP Transaction at issue in this case. "The questions of fact that will need to be answered as this litigation progresses are the same as to every member of the proposed Plaintiff class." *Id.*

The typicality requirement "is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). In *Spano v. The Boeing Co.*, which is relied upon by Defendants, the court found that the class representatives did not satisfy the typicality requirement because all class members were not invested in the same funds. 633 F.3d 574, 586 (7th Cir. 2011). The investment plan in *Spano* differed significantly from the Morton Buildings, Inc. ("Morton") ESOP "in that it offered various funds that participants could choose from in which to invest the employer's contributions, such as the 'technology fund' or 'Boeing stock fund.'" *Neil*, 275 F.R.D. at 261. The court reasoned that it "seems that a class representative in a defined-contribution case would at a minimum need to have invested in the same funds as the class members. . . . [W]e think that there must be a congruence between the investments held by the named plaintiff and those held by members of the class he or she wishes to represent." *Spano*, 633 F.3d at 586. There is no dispute here that Plaintiff held the same investment as did

2

all other members of the Morton ESOP—the ESOP invested only in Morton stock. *See Neil*, 275 F.R.D. at 261 (holding that typicality requirement was satisfied where class representatives were invested in the same company stock as other members of the company ESOP).

### B. Adequacy

Defendants' opposition memorandum mainly focuses on arguing against Plaintiff's adequacy as a class representative. Defendants' objections are meritless.

#### 1. Plaintiff's Testimony Aligns with the First Amended Complaint

Plaintiff is an adequate representative of the class because she has a basic knowledge and understanding of both the case and her responsibilities as a class representative. "It is well established that a named plaintiff's lack of knowledge and understanding of the case is insufficient to deny class certification, unless his ignorance unduly impacts his ability to vigorously prosecute the action." *Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005) (internal citations omitted). "An understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery are sufficient to meet this standard." *Id.* (internal quotation omitted). "The burden in demonstrating that the class representative meets this standard is not difficult." *Id.* "To be adequate, a class representative need not understand the larger legal theories upon which her case is based." *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 443 (N.D. Ill. 2008). "It was found not to be enough to defeat class certification in *Surowitz v. Hilton Hotel Corps.*, 383 U.S. 363, 366, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966), that the named plaintiff did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1991). "*Surowitz* appears to be an extreme case, but it does illustrate the flexibility and broad

3

area for the exercise of the trial court's common sense and good judgment in particular instances." *Id.*

Defendants do not cite to any relevant caselaw to support their argument that Plaintiff's testimony does not align her claims with the claims of the class. (Def.'s Mem. 23–24.) The only case Defendants cite to as analogous to support its argument is *McFadden v. Board of Education for Illinois School District U-46*, which is easily distinguished. No. 5–760, 2006 WL 681054 (N.D. Ill. Mar. 13, 2006). In *McFadden*, certain claims for relief in the amended complaint did not apply to either class representative. *Id.* at *6-7. The court held that the claims pressed by the proposed class went well beyond the class representatives' claims. *Id.* at *7. These facts are not present in this case. Here, all claims alleged in the First Amended Complaint (ECF No. 57) by the proposed class apply equally to the Plaintiff.

Plaintiff's deposition testimony illustrates that she meets the standard of knowledge required by Rule 23(a). Plaintiff understands the basic facts outlined in the First Amended Complaint. The Amended Complaint alleges that the "Plan overpaid for Morton stock in the ESOP Transaction due to Argent's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate guideline public companies for comparison, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, and/or other factors that rendered the valuation of Morton stock in the ESOP Transaction faulty." Am. Compl. ¶ 56. Because the Plan paid above fair market value, Plaintiff, like other class members, "suffered a diminution in the value of her Plan account." Am. Compl. ¶ 111. Plaintiff testified that during the ESOP Transaction at issue in this case, Morton overpaid for the ESOP shares, which caused the value of her shares to decrease. *See*, *e.g.*, Muench Decl. at Ex. A, Lysengen Transcript 18:3–8 ("Q: What is your understanding of the ESOP Transaction

that has been raised in this lawsuit? A: That they were – that the share –that they were overpaid and our shares were – the value of them was cut down."); 65:12–15 ("Q: Do you agree that – with the statement that Argent allowed the ESOP to purchase the shares of Morton for more than fair market value? A: Yes."); 88:7–10 ("Q: Do you know what legal claims those are? A: That the stocks were – that they were overpaid and we were under – they were undervalued."); 91:15–16 ("[T]hey sold the shares above fair market value."); 100:15–18 ("Q: And who do you think you are a representative of? A: The Morton Building employees that were vested in the ESOP.").

Plaintiff also has general knowledge about what is required of the class representative. For example, Plaintiff stated in her testimony that she wants to represent her fellow coworkers, owes duties to the other class members, has actively prosecuted the case, stays in contact with the attorneys on the case, reviews legal documents and correspondence regarding the case, and seeks recovery for the class as a whole. *See id.* at 35, 101–103, 125. Contrary to Defendants' assertions, Plaintiff has been willing to participate in discovery. She has searched her records and produced relevant documents to the case. *See id.* at 116–17; 119. She prepared for and attended her deposition on October 26, 2021. She has also participated in interrogatory responses to Defendants. As discussed more fully below, Plaintiff's mistake in deleting communications with coworkers, which she agreed to correct moving forward, does not amount to a finding of inadequacy, especially considering that Defendants have not claimed any prejudice that resulted from these actions.

    **2.    Defendants' Spoilation Argument Does Not Defeat Class Certification**

Defendants do not cite to, and Plaintiff is not aware of, a single similar case where class certification was denied based solely on a spoilation defense against the class representative. The only case cited by Defendants for this proposition is *Mooradian v. FCA US, LLC*, which has

5

vastly different facts. 286 F. Supp. 3d 865 (N.D. Ohio 2017). In *Mooradian*, the plaintiff destroyed, or at minimum materially altered, the key evidence in the case upon the instruction of his counsel after defendant requested an inspection of the evidence. *Id.* at 869. The relief in the case was not a denial of class certification as the Defendants suggests; instead, the court granted sanctions for spoilation of evidence and prohibited the plaintiff from using the tainted evidence in motions for class certification, dispositive motions, or at trial. *Id.* at 870.

Courts that have considered the issue have held that spoilation does not defeat adequacy for class certification purposes. For example, in *Hill v. Shell Oil Co.*, the court dismissed defendant's argument that the class representatives had unique spoilation defenses that destroys the adequacy requirement for class certification. No. 98–5766, 2002 WL 663583, at *5 (N.D. Ill. Mar. 28, 2002). The court reasoned that the "Seventh Circuit has addressed this argument in the context of the typicality requirement, advising that in determining typicality, we look to the defendants' action, not to the specific defenses it might have against certain class members." *Id.* (citing *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996)).

The other case relied upon by Defendants can easily be distinguished. In *CE Design Ltd. v. King Architectural Metals Inc.*, the issue was whether the class representative consented to fax advertisements that were being challenged as violating the Telephone Consumer Protection Act. 637 F.3d 721, 723–25 (7th Cir. 2011). After holding that the class representative failed the adequacy requirement due to this issue, the court warns that it does not "want to be misunderstood . . . as extending an invitation to defendant to try to derail legitimate class actions by conjuring up trivial credibility problems or insubstantial defenses unique to the class representative." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011). "[F]ew plaintiffs come to court with halos above their heads; fewer still escape with those

6

halos untarnished. For an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *Id.* at 728 (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990)). Defendants do not come close to meeting this standard.

Here, Plaintiff did not intentionally destroy any key evidence for the case, and Plaintiff did not testify that she deleted any emails that were relevant to the case. Plaintiff testified that her emails automatically delete after 90 days. *See* Muench Decl. at Ex. A, Lysengen Transcript at 140–41. When asked if she disabled the automatic delete function since the lawsuit began, she stated that she does not have tech experience, did not know how to complete this action, and would ensure that the feature was disabled. *Id.* at 141. She also testified that she deleted a select number of text messages between her and her coworkers because she had the misunderstanding that the communications could be deleted since they were solely personal. *Id.* at 86. Plaintiff deleted these text messages before any discovery requests were made. As discussed previously, Plaintiff has shown her willingness to represent the interests of the class, and her actions are not severe enough to undermine her credibility.

Further, private company ESOP cases like this one hinge on the ERISA § 408(e) "adequate consideration" affirmative defense, and thus on *defendants'* documents regarding trustee due diligence and the fair market value of company stock at the time of an ESOP transaction. *See*, *e.g.*, *Allen v. GreatBanc Trust Co.*, 835 F.3d 670, 675–76 (7th Cir. 2016); *Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763, 770, 773, 780 (4th Cir. 2019); *Perez v. Bruister*, 823 F.3d 250, 262-63 (5th Cir. 2016). "[T]he ERISA § 408(e) adequate consideration

7

exemption 'is expressly focused upon the *conduct* of the fiduciaries.'" *Bruister*, 823 F.3d 263 (quoting *Donovan v. Cunningham*, 716 F.2d 1455, 1467 (5th Cir. 1983) (emphasis in original)). These are documents rank-and-file employees like Plaintiff do not have and are not expected to have. *See*, *e.g.*, *Allen*, 835 F.3d at 677-78 (ESOP case explaining "an ERISA plaintiff alleging breach of fiduciary duty does not need to plead details to which she has no access" and "information about . . . how a stock was valued [is] confidential financial information"). Notwithstanding Defendants' "pearl-clutching," Plaintiff's text messages with former co-workers about her initiating this case, generated years after the trustee investigation and Plan overpayment for stock at issue, have no relevance to the key issues in this case and would have zero impact. They are certainly not a basis for denial of class certification.[2]

### 3. Plaintiff's Interests Are Consistent With All Class Members

Plaintiff's interests are consistent with those of all other class members. Plaintiff seeks a recovery of the Morton ESOP's losses, which would benefit all class members. Plaintiff seeks a ruling that Defendants violated ERISA's fiduciary duties and prohibited transaction rules in the Morton ESOP Transaction; Plaintiff has not asked the Court to order rescission of the ESOP Transaction. Am. Compl., Prayer for Relief at p. 23–24. Plaintiff also has not alleged that any class members violated ERISA or are liable to the Morton ESOP for damages. *Id.* Nor does this

---

[2] Plaintiff is compelled to respond to the inordinate, premature exposition by Defendants in their facts section related to their future burden to prove the elements of the § 408(e) adequate consideration defense. In a class certification motion, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). This Circuit has emphasized that "the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811; *see also Amgen*, 568 U.S. at 466 ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.").

8

case seek any relief against or with regard to the KSOP. These facts are fatal to Defendants' assertion that there is not an identity of interest among the putative class.

Defendants insist that Plaintiff's claims are inconsistent with other class members' interests because there are some class members that received cash payments for past under-valuations of KSOP shares and received price-protected KSOP share values. But these class members received payment from the KSOP account—in an entirely different ERISA plan—not their ESOP account. In other words, even if there was a benefit to the KSOP shares, those same class members were still harmed by the Morton ESOP's overpayment for the stock held by the ESOP. That Morton and Argent made certain KSOP participants whole for prior botched valuations has no bearing on whether Plaintiff is an adequate representative for ESOP participants whose stock was acquired at more than fair market value. Moreover, Plaintiff sues for losses to the Morton ESOP, not individual losses, as she must under the clear terms of the statute. The ESOP's losses are distinct from any losses or remedies suffered by another retirement plan. If Plaintiff succeeds, she will obtain a monetary recovery paid directly to the Morton ESOP, and then allocated among participants/class members. This recovery would in no way harm ESOP participants that were previously compensated for their KSOP shares. No class member will have to give back the money they received in exchange for their KSOP shares. Defendants argue that individualized inquires will be required to determine whether any given class member who participated in the KSOP and ESOP suffered a net gain or net benefit as a result of the transactions. Notably, Defendants have not presented any evidence that a single class member would be better or worse off. They have the data. They could have presented it. They are simply speculating. Even so, Defendants appear to be arguing they have some kind of set-off defense against those class members who participated in both plans. But Defendants did

9

not plead that defense in their answers so that defense is waived and cannot be a basis to oppose the class.[3] And even if that defense applied, it's just math, which is not the kind of individualized inquiry defeating class certification.

The Defendants' sole reliance on *Spano* is again unpersuasive. Unlike in *Spano*, there is not a single class member in this case that will be harmed by the relief requested by the Plaintiff in the Amended Complaint. *See Spano*, 633 F.3d at 587.

There is supporting law in the Seventh Circuit for Plaintiff's position. The court in *Neil* examined this issue under similar facts to this case, where a buyout transformed the company into an employee-owned company through the creation of an ESOP, and it is instructive. *Neil*, 275 F.R.D. at 264–67. After examining Seventh Circuit law, the court reasoned that for the adequacy requirement, "the question is not whether some might have benefitted from parts of the occurrence now being challenged, but whether, going forward, some members of the Plaintiff class would be harmed by the relief being sought." *Id.* at 266. The court then held that since the company was not a party in the case, "the only potential harm to any member of the Plaintiff class is significantly more speculative—perhaps fewer ESOPs will be created, or there will be fewer persons or organizations willing to serve as trustees, or they will charge more to do so—all circumstances whose impact would be on employees or employers involved in some other ESOP, at some other time, in some other context." *Id.* The court further held that there is not a conflict fatal to class certification because "[t]here are no members of the proposed class who would, for any reason, prefer that Defendants not pay damages. Nor is there any basis to fear that

---

[3] Argent pleaded unjust enrichment and windfall explicitly as to the ESOP, but not as to class members who participated in the KSOP. ECF No. 58, Tenth Affirmative Defense. Rouse and Miller pleaded the identical defense, ECF No. 59, Seventh Affirmative Defense, and offset due to loan forgiveness, *id.*, Eighth Affirmative Defense.

10

any shareholders would be required to pay back the money they were given in exchange for their Tribune Company stock." *Id.*

Moreover, the Seventh Circuit has made clear that the Seventh Circuit "has never held, and *Spano* did not imply, that the mere possibility that a trivial level of intra-class conflict may materialize as the litigation progresses forecloses class certification entirely." *Abbot v. Lockheed Martin Corp.*, 725 F.3d 803, 813 (7th Cir. 2013). "If and when [potential conflicts] become real, the district court can certify subclasses with separate representation of each." *Kohen v. Pac. Inv. Mgmt. Co., LLC*, 571 F.3d 672, 680 (7th Cir. 2009) (citing Fed. R. Civ. P. 23(c)(5)).

## II.     The Class Satisfies the Requirements of Rule 23(b)(1)

Certification under Rule 23(b)(1) is appropriate if

> prosecuting separate actions . . . would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

Courts have certified Rule 23(b)(1) classes in nearly identical ERISA cases. *See*, *e.g.*, *Neil v. Zell*, 275 F.R.D. 256, 260 (N.D. Ill. 2012) (class certification under Rules 23(b)(1)(A), (b)(1)(B), and (b)(2)); *Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506, 517–18 (W.D. Wisc. 2011) (same); *Nistra v. Reliance Trust Co.*, No. 16 C 4773, 2018 WL 835341, at *3 (N.D. Ill. Feb. 13, 2018) (23(b)(1)(B) certification). "Generally, in ERISA claims, the recovery goes to the plan (not the plaintiff), meaning that all plan members have a shared stake in the outcome." *Rush v. GreatBanc Trust Co.*, No. 19–738, 2021 WL 2453070, at *9 (N.D. Ill. 2021). "[A]djudication of the claims involves the recovery and distribution of Plan assets on behalf of

11

the Plan rather than determination of personal causes of action brought by individuals." *Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 357 (N.D. Ill. 2007). Likewise, "defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan." *Neil*, 275 F.R.D. at 267.

Class certification is proper here pursuant to Rule 23(b)(1)(A). Defendants ignore this argument. Defendants do not and cannot dispute that Plaintiff's claims are based on breach of duties imposed on the fiduciaries "with respect to the plan," 29 U.S.C. § 1104(a)(1), and the relief claimed will flow to the Plan. 29 U.S.C. § 1109(a). For example, inconsistent adjudications on the true fair market value of Morton stock at the time of the ESOP Transaction obtained by similarly-situated participants would make it impossible for the Plan administrator to treat similarly-situated participants alike. This is precisely the type of inconsistency that Rule 23(b)(1) is intended to prevent.

Class certification is also proper pursuant to Rule 23(b)(1)(B). Defendants argue that the potential class members do not have an identity of interest due to their different holdings in the KSOP and ESOP. (Defs.' Memo. at 15–21). As explained above, there is not any conflict among the class members that defeats class certification. Class members will get to keep any money made from KSOP shares. This case only deals with losses to the ESOP, and all class members will benefit from restoration of those losses. "23(b) factors are not meant to be weighed against 23(a) factors, such as the typicality of the class, which appears to be [Defendant's] concern." *Neil*, 275 F.R.D. at 268.

## CONCLUSION

For these reasons, Plaintiff's claims are well-suited for class certification and her instant motion for certification under Rules 23(a) and 23(b)(1) should be granted.

| | |
|---|---|
| Dated: January 7, 2022 | Respectfully submitted, |

                                                  **BAILEY & GLASSER LLP**

*/s/ Patrick O. Muench*
Patrick O. Muench
318 W. Adams St., Suite 1606
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (304) 342-1110
pmuench@baileyglasser.com

Gregory Y. Porter
Ryan T. Jenny
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on January 7, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record as follows:

>Jeffrey Russell
>Barbara Anne Smith
>Bryan Cave Leighton Paisner, LLP
>One Metropolitan Square
>211 North Broadway
>Suite 3600
>St. Louis, MO 63102
>(314) 259-2000
>Email: jsrussell@bclplaw.com
>Email: barbara.smith@bclplaw.com
>   *Counsel for Defendant Argent Trust Company*
>
>Chelsea McCarthy
>Tammy Tabush
>Holland & Knight LLP
>150 N. Riverside
>27th Floor
>Chicago, IL 60606
>(312) 263-3600
>Email: chelsea.mccarthy@hklaw.com
>Email: tammy.tabush@hklaw.com
>
>Lynn E. Calkins
>Holland & Knight, LLP
>Suite 1100
>800 17th Street NW
>Washington, DC  20006
>(202) 955-5564
>Email: lynn.calkins@hklaw.com

Janaki Hannah Nair
John Elias
Elias Meginnes Riffle & Seghetti
416 Main St.
Ste 1400
Peoria, IL 61602
(309) 637-6000
Email: jnair@emrslaw.com
Email: jelias@emrslaw.com
  *Counsel for Edward C. Miller, Estate of Henry A. Getz and Estate of Virginia Miller*

Patrick S. Coffey
Robert M. Romashko
HUSCH BLACKWELL LLP
Suite 2200
120 S Riverside Plaza
Chicago, IL  60606
(312) 655-1500
Email: patrick.coffey@huschblackwell.com
Email: robert.romashko@huschblackwell.com
  *Counsel for Getz Family Limited Partnership*


>           */s/ Patrick O. Muench*
>           Patrick O. Muench

**CERTIFICATION**

The undersigned attorney certifies that the foregoing memorandum complies with the type volume limitations of L.R. 7.1(B)(4), because it contains 4,778 words and 23,890 characters, inclusive of all headings, footnotes, and quotations.

                                              */s/ Patrick O. Muench*
                                              Patrick O. Muench