IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ARGENT TRUST COMPANY, | ) ) |
| Defendant. | ) ) |

Case No. 20-1177

## ORDER AND OPINION

Pending before the Court is the *Defendant Argent Trust Company's Motion to Certify Order of August 11, 2023 for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)* (the "Motion to Certify"). ECF No. 235. For the reasons stated below, the Defendant's Motion is GRANTED.

## BACKGROUND

The Court provided an extensive background of these proceedings in its recent summary judgment orders and will incorporate those orders for reference. *See* ECF Nos. 225; 233. At bottom, this case concerns whether Morton Buildings, Inc. ("Morton Buildings") sold its stock through an Employee Stock Ownership Plan ("ESOP") for fair-market value or whether the ESOP plan (the "Plan") overpaid for the stock it purchased. The Plaintiff is a former employee of Morton Buildings who brought suit against the ESOP's fiduciary, Argent Trust Company ("Argent" or "Defendant"), among other defendants,[1] for violations of its fiduciary duties owed to the ESOP

---

[1] Plaintiff also brought claims against non-fiduciaries Jan Rouse, Edward C. Miller, the Getz Family Limited Partnership, the Estate of Henry A. Getz, and the Estate of Virginia Miller under ERISA Sections 406 and 502(a)(3) for their participation in a "prohibited transaction" under ERISA law. The Court found that the claims could not succeed as a matter of law because the Plaintiff did not adequately seek "equitable relief" as contemplated under ERISA Section 502(a)(3). *See* ECF No. 233. As a result of the Court's ruling, the only claims pending before the Court are the Plaintiff's claims against the ESOP's fiduciary, Argent.

(the "Plan") under the Employee Retirement Security Act of 1974 as amended ("ERISA"). Specifically, Plaintiff seeks relief against Argent under ERISA Sections 409 and 502(a)(2), which taken together, contemplate plan-wide relief brought in a representative capacity against a fiduciary. *See* 29 U.S.C. §§ 1106, 1132.

At the beginning of this litigation, the Court denied the Plaintiff's motion for class certification and subsequent motion for reconsideration. *See* ECF Nos. 146, 155. The Court based its denial of class certification on certain conflicts that existed between the named Plaintiff and proposed class members, which the Court found benefitted differently from the ESOP transaction and its valuation. *See* ECF No. 155 (citing conflicts between members of the ESOP who had formerly held shares in a defined contribution plan known as the "KSOP," and the Plaintiff). Following denial of class certification, both Plaintiff and Argent filed competing motions for summary judgment. *See* ECF Nos. 158; 165 (the "Motions for Summary Judgment"). The Court held oral argument on August 2, 2023, on the narrow issue of whether the Plaintiff may proceed in a representative capacity under ERISA Section 502 following the Court's denial of certification. Specifically, the Court considered whether the Plaintiff may proceed in a representative capacity under ERISA as a gating issue to the remainder of Argent and the Plaintiff's competing Motions for Summary Judgment.

On August 11, 2023, the Court issued a written order and opinion (the "Order and Opinion"), which allowed the Plaintiff to proceed in a representative capacity under Section 502(a)(2), notwithstanding the Court's denial of class certification. The Court reasoned that the specific conflicts it found in its class certification analysis were not implicated because the Court was not allocating payments on an individual basis between class members, and because any benefits would inure to the Plan as a whole, not individual members. The Court also noted that

Section 502(a)(2) did not expressly require a Plaintiff to proceed under Federal Rule of Civil Procedure 23, and further ordered the parties to submit proposed procedural safeguards to protect all parties' rights before allowing the Plaintiff to proceed in a representative capacity under Section 502(a)(2).  The Court's Order and Opinion left open all other issues of material fact and law with respect to the Plaintiff and Argent.

On September 12, 2023, the Court held a status conference to discuss its Order and Opinion and the required procedural safeguards.  There, the Defendant implicated its intent to file an interlocutory appeal.  On September 26, 2023, the Defendant filed the Motion to Certify. ECF No. 235.  The case was ultimately stayed, however, upon a joint request from the parties, from November 14, 2023 to March 28, 2024, to allow settlement discussions to proceed.  ECF Nos. 237, 238.  No settlement was reached, and the stay expired. The Court then held a status conference on May 2, 2024 to discuss whether Argent still sought an interlocutory appeal.  The Court allowed Plaintiff to submit a response, which Plaintiff filed on May 3, 2024.  ECF No. 243.  The matter is fully briefed, and this Order follows.

## LEGAL STANDARD

A district court may certify an immediate appeal of a nonfinal order on an interlocutory basis if "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the other may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  An interlocutory appeal is generally considered "extraordinary" relief.  *Sterk v. Redbox Auomated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).  Courts, however, should not refuse to certify appropriate interlocutory appeals when

3

the applicable conditions are met. *See Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1435 (7th Cir. 1992).

For a court to certify an interlocutory appeal, four requirements must be met: (1) there must be a question of law; (2) the question of law must be controlling; (3) the question of law must be contestable; and (4) the resolution must promise to speed up the litigation speed up the litigation. *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000). Interlocutory appeals also must be filed in the district court within a "reasonable time" after entry of the order sought to be appealed. *Id.* (noting that this requirement is "nonstatutory"). The movant bears the burden of showing that each of the factors are met. *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972), *cert. denied*, 405 U.S. 1041 (1972). A district court must find that all requirements are met to certify an interlocutory appeal. *Fed. Deposit. Ins. Corp. v. First Nat'l Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985).

## DISCUSSION

For the reasons stated below, the Court finds that the appeal certifies each of the above factors listed above. The first and third factors are met because the dispute concerns the interpretation of Section 502(a)(2) of ERISA, a federal statute, that is contestable under the plain language of the statute and applicable case law. *See Ahrenholz*, 219 F.3d at 676 (noting that a question of law is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ."). An issue is contestable if there is a "difficult central question of law which is not settled by controlling authority," and there is a "substantial likelihood" that the issue will be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). A contestable issue also arises if there is conflicting authority

on the issue. *See Hoffman v. Carefirst of Ft. Wayne, Inc.*, No. 09-251, 2010 WL 3940638, at *2 (N.D. Ind. Oct. 6, 2010).

Here, the parties dispute whether the individually named Plaintiff may seek plan-wide relief in a representative capacity under ERISA Section 502(a)(2), without doing so on behalf of a certified class. The text of ERISA Section 502(a)(2) does not expressly incorporate Rule 23—yet contemplates representative relief—and case law on the issue is relatively scarce, with no guiding Seventh Circuit authority.[2] Further, the issue is purely a question of law. While Plaintiff now argues that the Seventh Circuit would be required to evaluate numerous factual issues related to conflicts and recovery between the members of ESOP and KSOP, it previously argued that there is no applicable conflict in allowing the Plaintiff to proceed on behalf of the plan because all participants' interests are fully-aligned in maximizing the value of a recovery to the plan as a whole under Section 502(a)(2). *See* ECF No. 215 at *99. Any conflict the Court found in declining to certify the class is therefore not relevant because the Court is not allocating a recovery between individual members, but rather, returning value to the plan as a whole. Thus, the question is one of law, and is a matter of first impression on appeal appropriate for certification.

The second and fourth factors are met because the issue of law is determinative of the litigation. For an issue to be controlling, it must be likely to affect the course of the litigation that save time and expense for the district court. *Id.*; *see also Sokagon Gaming Enter. Corp. v. Tushie-Montgomery Assoc.*, 86 F.3d 656 (7th Cir. 1996). For an interlocutory appeal to materially advance the litigation, it must move the case forward, speed up, or lead to the ultimate termination of the

---

[2] In *Thorton v. Evans*, the Seventh Circuit held that plaintiffs who seek to recover damages from non-fiduciary defendants for their role in a conspiracy against an ERISA fund must sue either derivatively pursuant to Rule 23.1 or as class representatives pursuant to Rule 23. 692 F.2d 1064, 1080 (7th Cir. 1983). Yet *Thorton* did not directly address whether a plaintiff must proceed on behalf of a certified class to pursue relief under ERISA Section 502(a)(2). Further, as the Court noted in its Order and Opinion, courts within the Seventh Circuit are divided on the issue. ECF No. 225 at *10–11 (collecting cases).

litigation. *Ahrenholz*, 219 F.3d at 676. Here, the question of law is dispositive of the litigation because Plaintiff seeks relief *only* in a representative capacity under Section 502(a)(2), and not on an individual basis. Plaintiff did not appeal the Court's denial of class certification, and Plaintiff's claims against the Shareholder Defendants under Section 502(a)(3) were disposed of at summary judgment, with claims remaining only against Argent in a representative capacity under Section 502(a)(2). Thus, if the Court's Order and Opinion was reversed on appeal, the outcome would be determinative of the litigation. The question of law, therefore, is vital to the future of this litigation, and satisfies the second and fourth factors.

The Motion to Certify is timely because the Defendants informed the Court of their intention to file an interlocutory appeal at the September 12, 2023, status conference, and filed the Motion to Certify shortly thereafter on September 26, 2023—47 days after the Court entered its Order and Opinion. An interlocutory petition must be filed with the *appellate court* within 10 days of the district court's Section 1292(b) order; however, there is no statutory deadline for the filing of the petition in the district court—the only requirement is that interlocutory appeal be filed within a reasonable time. *See Arhenholz*, 219 F.3d at 675–76 (citing *Richardson Elec., Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000); *see Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (finding a request to certify an interlocutory appeal made 35 days after entry of order to be filed within reasonable amount of time.) Given the Defendants' subsequent filing of the Motion to Certify after the Court's order was issued and before the case was stayed for settlement discussions, the Court finds that the final factor is met.

Finally, while Plaintiff notes that this litigation has been pending for four years, the Court finds that any further delay due to an interlocutory appeal is justified because the Court has already

issued two opinions on summary judgment, leaving only a dispute between the Plaintiff and Argent. Settlement discussions between the parties have failed, and therefore, the dispositive legal issue of whether Plaintiff may proceed on behalf of the ESOP must be correctly decided before the Court can consider the Plaintiff's remaining claims against Argent.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Certify is GRANTED. Accordingly, the case is STAYED to allow the question of law to proceed on appeal before the Court will address the pending summary judgment and proposed procedural safeguards.

ENTERED this May 6, 2024.

                                                             /s/ Michael M. Mihm
                                                              Michael M. Mihm
                                                          United States District Judge