## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

### PEORIA DIVISION

**JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan,**

        **Plaintiff,**

**v.**

**ARGENT TRUST COMPANY,**

        **Defendant.**

**Case No. 1:20-cv-01177**

## PLAINTIFF'S UNOPPOSED MOTION AND INCORPORATED MEMORANDUM OF LAW FOR PRELIMINARY APPROVAL OF SETTLEMENT

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND........................................... 2

 A. Background ........................................................................................... 2

 B. Discovery .............................................................................................. 3

 C. Motion Practice .................................................................................... 4

 D. The Parties' Settlement Efforts ........................................................... 4

III. SUMMARY OF THE PROPOSED SETTLEMENT TERMS ........................... 4

 A. Benefits to the Plan Participants ........................................................ 5

 B. Notice and Administration................................................................... 5

 C. Case Contribution Award to the Named Plaintiff and Attorneys' Fees and Costs. 6

 D. Release of Claims ................................................................................. 7

 E. Notice and Proposed Schedule of Events ............................................ 7

IV. ARGUMENT ...................................................................................................... 8

 A. The Court Should Grant Preliminary Approval of the Settlement Because it is Fair, Reasonable, and Adequate.......................................................... 9

  1. The Plan Participants are adequately represented, and competent counsel opines that the Settlement is fair. ................................................. 11

  2. The negotiations were at arm's length. ................................... 11

  3. The relief provided to the Plan participants is adequate. .......................... 12

   a. The Settlement offers a reasonable range of recovery, given the likelihood of Plaintiff's success on the merits and the potential costs, risks and delay of trial and appeal....................................... 12

   b. The Parties and Court possess ample information to evaluate the merits of the competing positions to reach a settlement. .............. 15

   c. The proposed method of distributing relief to Plan participants is effective..................................................................................... 15

   d. The relief is adequate when considering the terms of the proposed award of attorneys' fees. .................................................... 16

   e. The proposal treats Plan participants equitably relative to each other. ......................................................................................... 16

 B. The Court Should Rule That Plaintiff Can Individually Enter the Proposed Settlement Agreement on Behalf of the Plan and All Plan Participants and, in Addition, Certify a Rule 23 Settlement Class………………………………16

V. CONCLUSION.................................................................................................. 17

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997)..................................................................16, 17

*In re AT&T Mobility Wireless Data Services Sales Litig.*,
    270 F.R.D. 330 (N.D. Ill. 2010)........................................................10

*E.E.O.C. v. Hiram Walker & Sons, Inc.*,
    768 F.2d 884 (7th Cir. 1985) ...........................................................14

*Gautreaux v. Pierce*,
    690 F.2d 616 (7th Cir. 1982) ..........................................................9, 10

*In re General Motors Corp. Engine Interchange Litig.*,
    594 F.2d 1106 (7th Cir. 1979) .........................................................14

*Linman v. Marten Transport, Ltd.*,
    No. 22-204, 2024 WL 2974831 (W.D. Wis. June 13, 2024) ..................................10

*Mulvania v. Sheriff of Rock Island Cty.*,
    850 F.3d 849 (7th Cir. 2017) ...........................................................16

*In re Nat'l Collegiate Athletic Assoc. Student-Athlete Concussion Injury Litig.*,
    332 F.R.D. 202 (N.D. Ill. 2019)........................................................10

*Roberts v. Graphic Packaging Int'l, LLC*,
    No. 3:21-750, 2024 WL 3373780 (S.D. Ill. July 11, 2024)................................10

*Spano v. Boeing Co.*,
    633 F.3d 574 (7th Cir. 2011) ...........................................................17

*In re TikTok, Inc. Consumer Privacy Litig.*,
    565 F. Supp. 3d 1076 (N.D. Ill. 2021) ...............................................9, 10

**Statutes**

28 U.S.C. § 1292 ..........................................................................13

29 U.S.C. § 1104, ERISA § 404 ..........................................................2, 3

29 U.S.C. § 1106, ERISA § 406 ...........................................................2

29 U.S.C. § 1110, ERISA § 410 ...........................................................3

29 U.S.C. § 1132, ERISA § 502 ................................................................................3, 13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 23(e) ...............................................................................9, 10, 11, 15, 16

Fed. R. Civ. P. 23(a) ...............................................................................................9, 17, 18

Fed. R. Civ. P. 23(b) ..............................................................................................9, 17, 18

Plaintiff Jackie Lysengen ("Plaintiff"), as a representative of the proposed Settlement Class and the Plan, hereby moves for an order approving a settlement agreement between Plaintiff and Defendants, Argent Trust Company ("Argent"), Jan Rouse ("Rouse"), Edward C. Miller ("Miller"), the Getz Family Limited Partnership ("GFLP"), the Estate of Henry A. Getz ("Getz Estate"), and the Estate of Virginia Miller ("Miller Estate") (collectively, "Defendants" and together with Plaintiff, the "Parties"); approving notice to the Plan Participants and/or Settlement Class Members; and setting a date for a fairness hearing.[1]

## I.    INTRODUCTION

Subject to the Court's approval, the Parties have settled this Employee Retirement Income Security Act, 29 U.S.C. § 1000, *et seq.*, ("ERISA") matter. Morton Buildings, Inc. (the "Company" or "Morton") shall deposit $150,000.00 into the Settlement Fund Account for payment of Administrative Expenses and an additional $3,850,000.00, thirty days after the Effective Date of Settlement. No portion of the settlement payment is a tax or penalty under ERISA or the Internal Revenue Code of 1986 as amended. Should the Court grant final approval, every eligible Plan Participant and/or Settlement Class Member will receive their portion of the Net Settlement Fund according to a *pro rata* Plan of Allocation.

The proposed settlement ("Settlement") satisfies all of the criteria for preliminary approval and provides an excellent result for the Plan Participants. For these reasons, discussed in more detail below, Plaintiff requests that the Court grant this motion.

---

[1] Unless otherwise defined, all capitalized terms herein shall have the same meaning as set forth in the Parties' Settlement Agreement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Background

This Action was brought on behalf of the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan ("Plan") and on behalf of a proposed class of participants in the Plan. Plaintiff filed her Complaint on April 30, 2020, and filed her First Amended Complaint ("Amended Complaint") on August 19, 2021. The Amended Complaint alleges that Argent violated ERISA in connection with the purchase of 2,005,662 shares of Morton stock by the Plan on May 8, 2017. The Plan purchased 2,005,662 shares of Morton common stock for $147,786,877 (the "ESOP Transaction").[2]

Plaintiff alleges that Argent violated ERISA § 406, 29 U.S.C. § 1106, because it engaged in and caused the Plan to engage in prohibited transactions under ERISA by, *inter alia*, causing the Plan to purchase the shares of Morton stock from parties in interest to the Plan, including Miller, GFLP, the Getz Estate, and the Miller Estate (the "Selling Shareholders"); causing the Plan to borrow money for that purchase from Morton and Henry A. Getz, parties in interest to the Plan; causing the Plan to transfer Plan assets to parties in interest as payment in the stock purchase transaction; acting on behalf and for the benefit of Selling Shareholders by approving a purchase price for Morton stock that exceeded its fair market value; and receiving payment and an indemnification agreement from Morton for serving as trustee on behalf of the Plan. Plaintiff also alleges that Argent breached its fiduciary duties in violation of ERISA § 404(a), 29 U.S.C. § 1104(a), because it did not undertake an appropriate and independent investigation of the fair market value of Morton stock in or about May 2017. Plaintiff also alleges that Argent violated

---

[2] Defendant Jan Rouse was dismissed pursuant to a Stipulation of Dismissal (ECF No. 87) filed November 18, 2021; summary judgment was granted in favor of the remaining Defendants (ECF No. 233), except Argent whose summary judgment motion remains pending, on September 7, 2023.

ERISA §§ 410, 404(a)(1)(A) and (B), 29 U.S.C. §§ 1110, 1104(a)(1)(A), (B), to the extent the indemnification agreement attempts to relieve it of its responsibility or liability to discharge its duties under ERISA.

Argent denies these allegations, denies any wrongdoing or liability, and has vigorously defended itself in this Action. Argent does not admit wrongdoing of any kind regarding the ESOP Transaction or this Action.

After the Court granted Plaintiff's Motion for Partial Summary Judgment on the issue of her proceeding in a representative capacity on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (ECF. No. 225), the Parties submitted a Joint Status Report on Proposed Procedural Safeguards (ECF No. 232). As an exhibit to that Joint Status Report, the Parties submitted a Notice of Ongoing Litigation Related to the Morton Buildings, Inc. Leveraged Employee Stock Ownership Plan, to be provided to Plan participants or their beneficiaries. That proposed notice was similar to notices that are issued to class members in class action settlements and similar to the proposed Notice submitted with this motion.

## B.    Discovery

The Parties have vigorously prosecuted this Action and have engaged in robust discovery. Plaintiff's Counsel has conducted extensive discovery regarding the facts and claims in this Action, including culling and reviewing relevant documents from the voluminous document productions by Defendants and seven non-parties. *See* Declaration of Gregory Porter ("Porter Decl."), attached hereto as Exhibit 1, ¶ 7. Counsel for the Parties prepared for, took, and defended seventeen depositions of parties, non-parties, and experts. *Id*. Plaintiff's Counsel has worked with expert consultants, coordinated the preparation of expert reports, analyzed Defendants' expert reports, and prepared for and defended expert depositions. *Id*. at ¶ 21. The Parties also went through extensive briefing, as discussed in the motions practice section below. *Id*.

3

## C.    Motion Practice

The Parties engaged in extensive motion practice that included the following: Defendants' Motion to Dismiss Complaint (ECF No. 17); Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 44); Plaintiff's Motion to Certify Class (ECF No. 54); Defendant Getz Family Limited Partnership's Motion to Dismiss Amended Complaint (ECF No. 75); Defendants Estate of Henry A. Getz and Estate of Virginia Miller's Motion to Dismiss Amended Complaint (ECF No. 81); Defendant Argent's Motion for Summary Judgment (ECF No. 158); Defendant Getz Family Limited Partnership's Motion for Summary Judgment (ECF No. 161); Defendants Edward Miller, Estate of Henry A. Getz, and Estate of Virginia Miller's Motion for Summary Judgment (ECF No. 163); Plaintiff's Motion for Partial Summary Judgment (ECF No. 165); and Defendant's Motion to Certify Order of August 11, 2023 for Interlocutory Appeal (ECF No. 235). Porter Decl. ¶ 8.

## D.    The Parties' Settlement Efforts

Plaintiff and Defendant Argent held a mediation with a JAMS mediator on February 20, 2024. Porter Decl. ¶ 9. In advance of the mediation, Plaintiff and Defendant Argent submitted statements laying out their positions on the case. *Id*. Plaintiff and Defendant Argent were unable to resolve the matter at the mediation on February 20, 2024, and continued discussions with the mediator after February 20, 2024. *Id*. Those talks continued through July 2024, at which time all Parties agreed to the settlement terms discussed herein. *Id*.

## III.    SUMMARY OF THE PROPOSED SETTLEMENT TERMS

The material terms of the Settlement Agreement are summarized below.  The proposed Settlement will apply to the Plan, as well as all participants of the Plan and the beneficiaries of such participants as of May 8, 2017, and anytime thereafter, whether or not such participants or beneficiaries were vested; but excluding the Selling Shareholders, the directors and officers of the

4

Company and their immediate families, and legal representatives, successors, and assigns of any such excluded persons. Settlement Agmt. (filed herewith as Exhibit 1-A) ¶ 1.55.

## A.      Benefits to the Plan Participants

Morton, on behalf of the Released Parties, shall deposit $150,000.00 into the Settlement Fund Account for purposes of payment of Administrative Expenses. Settlement Agmt. ¶ 7.1.2. Thirty days after the Effective Date of Settlement, Morton shall deposit $3,850,000.00 into the Settlement Fund Account (the two payments collectively, along with any interest accrued, constitute the "Gross Settlement Fund"). *Id.* The funds remaining after deduction from the Gross Settlement Fund for (i) taxes (or reserves to pay taxes), (ii) Settlement Administration Expenses, (iii) Court-approved attorneys' fees, and (iv) any Case Contribution Award to the Named Plaintiff, shall constitute the "Net Settlement Fund." *Id.* ¶¶ 8.1, 10.2, 10.3. The Net Settlement Fund will be distributed to the Plan participants pursuant to the Plan of Allocation. *Id.* ¶ 8.2.2.

## B.      Notice and Administration

The Settlement Administrator, Simpluris, shall be responsible for disseminating the Notice, establishing a website for case documents, establishing a system to respond to inquiries, and processing objections. If the Court grants final approval of the Settlement, the Settlement Administrator, Plan Administrator, and Recordkeeper shall also implement the Plan of Allocation. Settlement Agmt. ¶¶ 8.2.2, 8.2.3. The Settlement Administrator shall remit the Net Settlement Fund to the Plan to be held in a money market fund in the Plan established by the Plan Administrator until distributions are made to Class Members and/or Plan Participants. *Id*. ¶ 8.2.2. The allocable portion of the Net Settlement Fund for each Class Member and/or Plan Participant shall be distributed to those Class Members and/or Plan Participants directly by the Recordkeeper in accordance with the Plan of Allocation which is based on terms in the Settlement Agreement. *Id*. ¶ 8.2.3. For those Class Members and/or Plan Participants who have an active Plan account

("Active Participants"), the allocable portion owed shall be transferred to the 401(k) portion of that Active Participant's account in the KSOP, to be invested subject to the Active Participant's investment direction. *Id*. For those Class Members and/or Plan Participants who do not have an active Plan account ("Former Participants"), the Plan Administrator and Recordkeeper shall issue an election notice to each Former Participant allowing each Former Participant to elect to receive his or her allocable portion by check or as a deposit into an individual retirement account or other eligible retirement plan (however, the Former Participant shall not be permitted to elect to receive payment via check if the amount owed to that Class Member and/or Plan Participant is $50 or less). *Id*. The Recordkeeper shall distribute the allocable portion owed to each Former Participant consistent with the Former Participant's election. If no election is made by a Former Participant and the amount owed is $7,000 or less, the Recordkeeper may rollover the amount owed to such Former Participant into an individual retirement account at Inspira Financial Trust, LLC in the name of the Former Participant. If no election is made by a Former Participant and the amount owed is more than $7,000, the Recordkeeper and Plan Administrator shall follow the terms of the Plan Document (and any Plan amendment) for locating such Former Participant and, if need be, shall forfeit any amount owed to such Former Participant, with the amount to be reallocated to Active Participants and distributed to those Active Participants in accordance with the provisions for Active Participants detailed above. *Id*.

The Settlement Administrator shall be responsible for establishing and maintaining a Qualified Settlement Fund to hold the Gross Settlement Fund.  Settlement Agmt. ¶ 7.1.1.

## C.   Case Contribution Award to the Named Plaintiff and Attorneys' Fees and Costs

Subject to Court Approval, Plaintiff's Counsel's fees, costs, and expenses, and the Case Contribution Award to the Named Plaintiff, shall be paid from the Gross Settlement Amount. Settlement Agmt. ¶¶ 10.1–10.3. Plaintiff shall petition the Court for a Case Contribution Award

not to exceed $20,000 for the Named Plaintiff in recognition of her service to the Plan. *Id.* ¶ 10.3. Plaintiff's Counsel will also petition the Court for an award of attorneys' fees and costs in an amount not to exceed one-third of the Settlement Amount. *Id.* ¶ 10.1.

**D.     Release of Claims**

In exchange for payment of the Settlement Amount by Morton and satisfaction of the conditions required by the Settlement Agreement, Plaintiff, the Plan participants, the Plan, and the proposed Settlement Class will release the Defendants from any claims that pertain to the Plan and/or relating to the ESOP Transaction referenced in the Complaint and Amended Complaint. The Released Parties, Released Claims, and the covenant not to sue are set forth in full in the Settlement Agreement.  Settlement Agmt. ¶¶ 3.1–3.6.  Further, the Settlement is subject to a written determination by the Independent Fiduciary that the Settlement Agreement terms are fair and reasonable to the Proposed Settlement Class, the Plan, and the Plan participants. *Id.* ¶¶ 3.2–3.3.

**E.     Notice and Proposed Schedule of Events**

The Settlement Agreement provides that Morton will provide to the Settlement Administrator the names and last known addresses of each participant of the Plan at least 21 days before the deadline for the Settlement Administrator to mail the Notice. Settlement Agmt. ¶ 2.1.2. The proposed Notice (attached as Exhibit 1-A to the Settlement Agreement) provides all the information necessary to inform Plan Participants about the nature of the Action, the terms of the Settlement, and the procedures for entering an appearance to be heard or to object to the Settlement. In addition, key court documents, including the Amended Complaint, the Settlement Agreement, preliminary approval papers, Plaintiff's Motion for Award of Attorneys' Fees, and Plaintiff's Motion for Final Approval will be posted on the settlement website.  The Notice will be mailed by First Class mail. For returned mail, the Settlement Administrator will engage in standardized

7

processes to identify and locate applicable Plan participants. The proposed schedule is set forth below:

| Event | Timing |
|-------|--------|
| Motion for Preliminary Approval | March 7, 2025 |
| CAFA Notices issued | Within ten (10) days of Plaintiff filing the Preliminary Approval Motion with the Court |
| Preliminary Approval Hearing (if set by the Court) | At the Court's discretion, though the parties request that any hearing, if needed, be conducted within 30 days of the filing of this Preliminary Approval Motion |
| Settlement Administrator to receive participant list and contact information | At least twenty-one (21) days prior to the deadline for mailing notice |
| Mail Settlement Notice | At least ninety (90) days before the Fairness Hearing |
| Independent Fiduciary provides written notification of its determination to Defendants' Counsel | No later than forty (40) days before the Fairness Hearing |
| Motion for final approval of Settlement | No later than thirty-five (35) days before the Fairness Hearing |
| Motion for award of attorneys' fees and expenses, and Case Contribution Award for Plaintiff | No later than thirty-five (35) days before the Fairness Hearing |
| Defendants' Counsel provides Independent Fiduciary's determination to Plaintiff's Counsel | Within five (5) days of receiving written notification of determination |
| Objections to the Settlement, notice of intention to appear at Fairness Hearing | Must be received by the Court on or before twenty-one (21) days before the Fairness Hearing and received by Plaintiff's Counsel and Defendants' Counsel no later than fifteen (15) days before the Fairness Hearing |
| Response to Objections | No later than seven (7) days before the Fairness Hearing |
| Fairness Hearing | TBD (at least 90 days after the mailing of the Notice to the Plan participants) |

## IV.    ARGUMENT

In its August 11, 2023 Order, the Court ruled that Plaintiff could proceed in a representative capacity in this litigation on behalf of the Plan and its participants and noted that "if the parties reach a settlement agreement, the Court will consider additional appropriate procedural protections at that time" for the Plan and absent participants. ECF No. 225 at 13. To safeguard the interests of

8

Plan participants covered by the Settlement Agreement, and although the Court had not certified a class, Plaintiff has proceeded in a representative capacity and implemented procedural protections by negotiating a Settlement that meets the standards for preliminary approval under Federal Rule of Civil Procedure 23(e). Based on the Court's August 11, 2023 order, Plaintiff, as a representative of the Plan and the Plan participants, can enter this settlement agreement on behalf of the Plan. In addition, the Court can and should certify a class for settlement purposes only under Rules 23(a) and (b)(1) to enhance procedural protections for Defendants and to effectuate the terms of the settlement and release.

### A.  The Court Should Grant Preliminary Approval of the Settlement Because it is Fair, Reasonable, and Adequate

Rule 23(e) provides that a class action cannot be settled without court approval and notice to the class. At preliminary approval, the court must determine whether the settlement justifies giving notice of the settlement to the class. Fed. R. Civ. P. 23(e)(1); *see also Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Thus, at the preliminary approval stage, courts in the Seventh Circuit preform "a more summary version of the final fairness inquiry." *In re TikTok, Inc. Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) (internal citations omitted). "Under Rule 23(e)(2), the court may finally approve a proposal settlement only after a hearing and only on finding that it is fair, reasonable and adequate." *Id.* (citing Rule 23(e)(2)).

Rule 23, as amended in 2018, provides specific direction to federal courts considering whether to grant preliminary approval of a class action settlement and approve the issuance of notice. Fed. R. Civ. P. 23(e), Committee Notes. The factors that provide guidance regarding this determination are as follows:

(A) the class representatives and counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also In re Tik Tok*, 565 F. Supp. 3d at 1084; *In re Nat'l Collegiate Athletic Assoc. Student-Athlete Concussion Injury Litig*., 332 F.R.D. 202, 217 (N.D. Ill. 2019).

Prior to the 2018 amendments, the Seventh Circuit evaluated class action settlements using the six factors outlined in *Wong v. Accretive Heath, Inc*. ("*Wong* factors"):

(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

773 F.3d 859, 863 (7th Cir. 2014); *see also Gautreaux*, 690 F.2d at 631; *In re AT&T Mobility Wireless Data Services Sales Litig*., 270 F.R.D. 330, 346 (N.D. Ill. 2010).  Although some courts within the Seventh Circuit still consider these factors, other courts solely focus on the Rule 23(e)(2) factors and refer to the *Wong* factors as "outdated." C*ompare, e.g., Roberts v. Graphic Packaging Int'l, LLC*, No. 3:21-750, 2024 WL 3373780, at *3 (S.D. Ill. July 11, 2024), *with Linman v. Marten Transport, Ltd*., No. 22-204, 2024 WL 2974831, at *2 n.1 (W.D. Wis. June 13, 2024).  In light of

this, in addition to the 23(e)(2) factors, Plaintiff will address each of the *Wong* factors to the extent they are applicable, many of which overlap.[3]

### 1. The Plan Participants are adequately represented, and competent counsel opines that the Settlement is fair.

Plaintiff has acted in a representative capacity and has been actively engaged in the litigation. Porter Decl., ¶ 21. Plaintiff provided documents to her counsel used to draft the pleadings. *Id*. Plaintiff regularly conferred with counsel on the progress of the case, including settlement. *Id*. Plaintiff prepared for, and sat for, a deposition conducted by Defendants. *Id*. Plaintiff asserts claims on the Plan's behalf and requests no individual relief. Therefore, Plaintiff is an adequate representative of the Plan participants.

Plaintiff's Counsel in this case are well-qualified and experienced. *See* Porter Decl. ¶¶ 10-17; Exhibit C to Porter Decl. Not only do these attorneys have extensive experience litigating class actions, including numerous ESOP cases, they have worked diligently to litigate the claims here. *Id*. ¶¶ 6-9, 19-20. There should be no question that Plaintiff's Counsel brought sufficient skill and resources to litigate this case. Plaintiff's Counsel is of the opinion that the Settlement is fair, reasonable, and adequate for the reasons set forth in this Motion.

### 2. The negotiations were at arm's length.

In satisfaction of Rule 23(e)(2)(B), the Parties' negotiations were at arm's length, extensive and hard fought, with the assistance of a professional, experienced mediator. *See* Section II(D) above; Porter Decl. ¶ 20. Plaintiff and Defendant Argent mediated this matter with Robert Meyer, an experienced mediator with nearly 40 years of litigation experience with particular expertise in ERISA and other employee benefit disputes. Porter Decl. ¶ 20. They drafted and submitted

---

[3] There is no agreement required to be produced under Rule 23(e)(2)(c)(iv), and since Notice has not yet been sent, the amount of opposition, if any, and the reaction of the Plan participants affected by the Settlement (*Wong* factors #3–4), cannot be evaluated.

comprehensive mediation statements to Mr. Meyer that focused all sides on the key issues. *Id*. Counsel for Plaintiff and Defendant Argent attended a mediation on February 20, 2024, and continued discussing the case with the mediator in the subsequent months. *Id*. The attendees vigorously engaged in the mediation process. *Id*. After much deliberation, discussion, and compromise, the Parties agreed to resolve the disputes according to the terms laid out in the Settlement Agreement.

### 3. The relief provided to the Plan Participants is adequate.

The relief provided to the Plan Participants is adequate when considering the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the Plan Participants; the terms of any proposed award of attorneys' fees; the strength of the case for Plaintiff on the merits, balanced against the extent of settlement offer; the complexity, length, and expense of further litigation; and the stage of the proceedings and the amount of discovery completed.

#### a. The Settlement offers a reasonable range of recovery, given the likelihood of Plaintiff's success on the merits and the potential costs, risks and delay of trial and appeal.

The litigation would have been even more lengthy and expensive if this Action were to have proceeded further. Plaintiff faced significant risks. Plaintiff and Argent had vastly different views about Argent's actions, their potential liability, and the likely outcome of the litigation. Plaintiff's core allegations regarding the ESOP Transaction rested on facts that were strongly contested by Argent, including whether the ESOP Transaction was in the best interest of the Plan, whether the Plan overpaid for its stock, and whether there were negative facts that were ignored or not sufficiently investigated by Argent during the due diligence and negotiation process.

Argent vigorously denied all of the allegations, asserted affirmative defenses, and otherwise defended its actions with respect to the ESOP Transaction. Argent pointed to evidence

that in its view supported the conclusion that it had no liability. If the Action were to proceed through trial, Plaintiff would have to overcome these defenses and arguments. In addition, Argent had filed a summary judgment motion on all claims, and that motion remains pending.

Plaintiff and Argent also strongly disagree on the proper measure of damages, if any. Argent contends that the Plan and its participants were not harmed at all. Plaintiff, on the other hand, argued that the Plan incurred significant financial damage from overpaying for its stock in the ESOP Transaction. The Parties exchanged position papers supporting their differing views on damages, and presented their theories extensively during the mediation process. That core dispute had not been resolved at the time the Parties reached their Settlement, and the uncertainty put both Parties at great risk.

These fact intensive inquiries would have led to a battle of experts and conflicting evidence and testimony, which would have placed the ultimate outcome of the litigation in doubt, because no party could reasonably be certain that its expert or evidence would carry the day.  In addition, motions to strike experts on various grounds could be anticipated.

Further, the Parties' dispute over whether Plaintiff is entitled to pursue relief in a representative capacity on behalf of the Plan remained unresolved. On August 11, 2023, the Court issued an Order allowing Plaintiff to proceed in a representative capacity under ERISA § 502(a)(2), notwithstanding the Court's denial of class certification. (ECF No. 225). On May 7, 2024, the Court issued an Order granting Argent's Motion to Certify Order of August 11, 2023 for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B). (ECF No. 244). The Court stayed the matter to allow the question of law to proceed on appeal before the Court would address the pending summary judgment motions and resolve how to provide procedural safeguards to Plan Participants. (Sept. 12, 2023 Minute Entry; Text Entries dated Nov. 14, 2023 and Feb. 7, 2024). The Seventh

Circuit had not issued a decision on the critical question of whether Plaintiff can proceed in a representative capacity at the time the Parties agreed to settle the case. Even if affirmed on appeal, the Court would have to resolve the pending summary judgment motions and, if Argent's motion were denied, Plaintiff would face a trial on the merits. Before the Parties reached trial, they would have to expend substantial time and effort to prepare the joint pretrial exhibit list, including identification of relevant exhibits and litigating any motions *in limine*. And, regardless of the outcome, there likely would have been appeals that followed, further delaying resolution and causing more expense. In sum, Plaintiff and the Plan participants may have waited several years for ultimate resolution and recovery.

In light of the inherent uncertainty, and potential for delay, a settlement of $4,000,000—approximately $2,191 per participant before fees and other costs are applied—is a good result for the affected Plan participants. As the Seventh Circuit has noted, "the essence of a settlement is a bilateral exchange," and "[t]he inherent nature of a compromise is to give up certain rights or benefits in return for others." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1135 (7th Cir. 1979). "Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Here, a certain recovery now for the Plan Participants far outweighs the mere possibility of future relief after years of costly litigation.

Considering the costs, risks and delay of trial and appeal, the immediate and certain recovery of $4,000,000 outweighs the uncertain possibility of a greater amount in the future, particularly given the amount of time it would take—including trial, post-trial and post-judgment briefing, and appeals—for any judgment to be reduced to actual payment to Plan Participants.

### b. The Parties and Court possess ample information to evaluate the merits of the competing positions to reach a settlement.

As discussed in Part II(B) above, the Parties completed discovery regarding the facts and claims in this Action, including culling and reviewing relevant documents, working with expert consultants, taking and defending depositions, and preparing extensive briefing on numerous issues. As discussed in Section III(C) above, the Parties have engaged in extensive briefing regarding the major issues in the case. Thus, the Parties, as well as the Court, possess the information required to make an informed decision regarding settlement.

### c. The proposed method of distributing relief to Plan Participants is effective.

Rule 23(e)(2)(C)(ii), examines the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims. Here, the Settlement Agreement contemplates Morton providing the names and last known addresses of Plan participants, to the Settlement Administrator. Settlement Agmt. ¶ 2.1.2. The Settlement Administrator will use that information to issue the Notice to the Plan participants. *Id.* After deductions for Administrative Expenses and any Attorneys' Fees and Expenses, and Case Contribution Award, the Settlement Administrator will send the Net Settlement Fund to the Plan. *Id*. ¶ 8.2.2. The Recordkeeper will then follow the Plan of Allocation to allocate the funds to the Plan Participants, and those funds will be distributed to active and former Plan Participants pursuant to the terms negotiated in the Settlement Agreement. *Id*. ¶ 8.2.3. The Plan of Allocation includes a formula based on the number of vested shares held by each participant as a proportion of total shares held by the Plan—to explain the percentage of the Net Settlement Fund that should be distributed to each individual active Plan Participant or former participant. For Participants with an active Plan account, the allocable portion owed shall be transferred to the 401(k) portion of that Active Participant's account in the KSOP, to be invested subject to the Active Participant's

investment direction under the terms of the KSOP. *Id*. Those without an active Plan account will receive either a check or deposit into an individual retirement account or other eligible retirement plan. *Id*. The allocation to both Former Participants and Active Participants will be handled by the Plan Recordkeeper. *Id*.

### d. The relief is adequate when considering the terms of the proposed award of attorneys' fees.

Rule 23(e)(2)(C)(iii) looks at the terms of any proposed award of attorneys' fees, including timing of payment. As described above in Section III(C), Plaintiff's Counsel will file an application seeking an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount. Settlement Agmt., ¶ 10.1.

### e. The proposal treats Plan participants equitably relative to each other.

As described in Section III(B) above, the Parties have agreed, subject to Court approval, to a plan for providing notice to Plan Participants. This notice and the manner in which it will be disseminated satisfies Rule 23(e)(1) and constitutional due process concerns.

Plaintiff requests that the Court approve Simpluris as Settlement Administrator. Simpluris has extensive experience in the administration of settlements of this type. *See* Exhibit B to the Porter Decl.

Finally, the Parties request that the Court schedule a Fairness Hearing on Plaintiff's motion for final approval of the Settlement and motion for an award of reasonable attorneys' fees and costs and a Case Contribution Award to Plaintiff, as set forth in the proposed Preliminary Approval Order. This will establish a reasonable and efficient process for disseminating notice, providing the opportunity for Plan participants to object, and considering final approval of the Settlement.

**B.    The Court Should Rule That Plaintiff Can Certify a Rule 23 Settlement Class.**

In addition, the Court can and should certify the following class for settlement purposes only.  *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997) (requiring settlement class to be certified under Rules 23(a), (b)):

> All participants of the Plan and the beneficiaries of such participants as of May 8, 2017 and anytime thereafter, whether or not such participants or beneficiaries were vested; but excluding the directors and officers of the Company and their immediate families, and legal representatives, successors, and assigns of any such excluded persons.

The numerosity requirement of Rule 23(a) is met because the proposed class consists of more than 1,000 individuals.  *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017) (where proposed class is more than 40 individuals, numerosity requirement is satisfied). The commonality, typicality, and adequacy requirements of Rule 23(a) are also met *in this settlement context* despite the Court's prior rulings. While the Court has ordered that certification is improper for this case to proceed to trial, that ruling is not a bar to certifying a class for settlement purposes because the potentially conflicting trial strategies present among a litigated class are moot in settlement. *See Amchem Prod.*, 521 U.S. at 620.

The Court should also certify the class under Rule 23(b)(1). For purposes of settling this case, the proposed class has an "identity of interest" required for certification under Rule 23(b)(1). *See Spano v. Boeing Co.*, 633 F.3d 574, 588 (7th Cir. 2011); *see also Amchem Prod.*, 521 U.S. at 620 (recognizing that issues that may preclude certification in the context of litigating and bringing a case to trial may not be a bar to Rule 23(b) certification for settlement purposes).

## V.    CONCLUSION

The proposed settlement meets the standard for preliminary approval. Accordingly, Plaintiff respectfully requests that the Court issue an Order: (a) granting preliminary approval of the Settlement Agreement, attached to the Porter Declaration as Exhibit A-1; (b) approving the

17

proposed Notice, attached as Exhibit 1-A to the Settlement Agreement; (c) appointing Simpluris

as the Settlement Administrator; (d) approving the Plan of Allocation, attached as Exhibit 2 to the

Settlement Agreement; (e) setting a date for a Fairness Hearing; (f) finding that Plaintiff can

represent the Plan for purposes of entering into the Settlement Agreement and that the Settlement

Agreement's terms shall bind the Plan and the Plan participants; and (g) certifying a settlement

class under Rules 23(a) and 23(b)(1).


Dated: March 7, 2025                          Respectfully submitted,

                                              **BAILEY & GLASSER LLP**

                                              */s/ Patrick O. Muench*
                                              Patrick O. Muench
                                              318 W. Adams St., Ste. 1512
                                              Chicago, IL 60606
                                              Telephone: (312) 500-8680
                                              Facsimile: (304) 342-1110
                                              pmuench@baileyglasser.com

                                              Gregory Y. Porter
                                              Ryan T. Jenny
                                              Laura Babiak
                                              1055 Thomas Jefferson St., NW, Ste. 540
                                              Washington, DC 20007
                                              Telephone: (202) 463-2101
                                              Facsimile: (202) 463-2103
                                              gporter@baileyglasser.com
                                              rjenny@baileyglasser.com
                                              lbabiak@baileyglasser.com

                                              *Attorneys for Plaintiff Jackie Lysengen*

### CERTIFICATE OF SERVICE

I certify that on this 7th day of March 2025, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Patrick O. Muench*
Patrick O. Muench