UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACKIE LYSENGEN, on behalf of the Morton Buildings, Inc. Leverage Employee Stock Ownership Plan and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGENT TRUST COMPANY, JAN ROUSE, EDWARD C. MILLER, GETZ FAMILY LIMITED PARTNERSHIP, ESTATE OF HENRY A. GETZ, and ESTATE OF VIRGINIA MILLER<br><br>Defendants. | Case No. 1:20-cv-01177-MMM-JEH |

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff Jackie Lysengen ("Plaintiff"), as a representative of the Settlement Class, submitted a Motion for Final Approval of the Settlement ("Final Approval Motion") set forth in the Class Action Settlement Agreement dated March 7, 2025 (the "Settlement Agreement"). Plaintiff's Counsel also has submitted to the Court their Applications for an Order Awarding Attorneys' Fees and Costs to Plaintiff's Counsel ("Plaintiff's Counsel Fees and Costs Application") and Case Contribution Award to the Plaintiff ("Case Contribution Award Application").

By order dated March 26, 2025 (ECF No. 254) (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement as set forth in the Settlement Agreement. The Court also approved the procedure for giving Notice to the Settlement Class Members and

1

set a Fairness Hearing to take place on August 25, 2025. The Court finds that due and adequate notice was given to the Settlement Class Members as required by the Preliminary Approval Order.

The Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class Members, and supporting affidavits.

On August 25, 2025, the Court held a duly-noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (3) whether and in what amount to award Attorneys' Fees and Costs to Plaintiff's Counsel and a Case Contribution Award to Plaintiff.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by any other interested persons at the Fairness Hearing, the Court has determined that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Plan Participants and/or Settlement Class Members.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Settlement.** Plaintiff, on behalf of herself and as a representative of the proposed Settlement Class, and Defendants Argent Trust Company ("Argent"), Jan Rouse ("Rouse"), Edward C. Miller ("Miller"), the Getz Family Limited Partnership ("GFLP"), the Estate of Henry A. Getz ("Getz Estate"), and the Estate of Virginia Miller ("Miller Estate") (collectively, "Defendants"), have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement).

2. **Definitions.** This Final Approval Order and Judgment incorporates by reference the definitions set forth in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action and over the Parties, and venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. **Designation of Class Representatives and Class Counsel and Approval of Settlement Class.** The Court confirms the prior appointment of Plaintiff Jackie Lysengen as Class Representative and the law firm Bailey & Glasser LL as Plaintiff's Counsel.

The Court previously certified for settlement purposes only a non-opt-out class under Federal Rule of Civil Procedure 23(b)(1) consisting of: "All participants of the Plan and the beneficiaries of such participants as of May 8, 2017 and anytime thereafter, whether or not such participants or beneficiaries were vested; but excluding the Selling Shareholders, the directors and officers of the Company and their immediate families, and legal representatives, successors, and assigns of any such excluded persons." The Court now finally approves this Settlement Class. As a non-opt-out class, the members of the Settlement Class have no right to exclude themselves from the Settlement Class, the Settlement or this Final Judgment. The members of the Settlement Class are forever bound by the Settlement Agreement and Final Judgment.

5. **Final Settlement Approval.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement and finds that it is, in all respects, fair, reasonable and adequate and is in the best interests of the Plaintiff and the Settlement Class Members. The Court further finds that the Settlement is the product of good faith, arm's-length negotiations between Plaintiff's Counsel and Defendants' Counsel. Accordingly, the Settlement is hereby finally approved in all respects,

3

there is no just reason for delay, and the Parties are hereby directed to implement, perform, and consummate the Settlement in accordance with the terms of the Settlement Agreement.

6. **Dismissal with Prejudice.** The Court hereby dismisses in their entirety and with prejudice the Action and all Released Claims of all Releasing Parties. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

7. **Releases.** The releases as set forth in Article 3 of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained in Article 3 of the Settlement Agreement and incorporated herein, including but not limited to the definitions of the Released Claims and Released Parties. Effective as of the date of entry of this Final Approval Order and Judgment, Plaintiff, the Settlement Class, the Plan, and the Plan Participants shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

8. **Approval of Notice.** The Court finds that the dissemination of the Notice (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances, including because it will be given to all Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of their right to object to the Settlement and appear at the Final Approval and Fairness Hearing, of Plaintiff's Counsel's Fees and Costs Application, and of Plaintiff's Case Contribution Award Application; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) fully satisfied the

requirements of Federal Rule of Civil Procedure 23 and complied with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

9. **Attorneys' Fees and Costs.** Plaintiff and Plaintiff's Counsel have applied for an award of attorneys' fees in the amount of $1,262,600, and costs and expenses of $537,400.36. The Court has considered this application for Fees and Costs separately and independently from the Court's approval of the Settlement. The Court finds that an award of $1,262,600 in attorneys' fees, and $537,400.36 in costs and expenses is fair, reasonable, and appropriate, and the Court approves of Plaintiff's Counsel attorneys' fees, costs, and expenses in these amounts to be paid from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

10. **Case Contribution Award.** The Court further finds that a Case Contribution Award for Jackie Lysengen in the amount of $20,000 is fair and reasonable, and the Court approves of the Case Contribution Award in that amount. The Case Contribution Award shall be paid to Plaintiff in accordance with the terms of the Settlement Agreement.

11. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case, liability, or the validity of any allegation in the Complaint whatsoever. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any Defendant.

12. **Continuing Jurisdiction.** This Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**13. Termination of Settlement.** If the Settlement does not go into effect or is terminated as provided for in the Settlement Agreement, then this Final Approval Order and Judgment (and any orders of the Court related to the Settlement) shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement.

**14. Implementation of the Agreement and Plan of Allocation.** The Court hereby finally approves the proposed Plan of Allocation (ECF No.252-4). The Parties are hereby authorized to implement the terms of the Settlement Agreement and to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

**15. Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**16. CAFA Notice.** Defendants have provided notice of the Settlement to all appropriate federal and state officials as required by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"). The Court determines that Defendants have fully complied with all requirements of CAFA.

**17. Election Form**. The Court hereby orders the Plan Administrator and Recordkeeper to send election notices to Former Participant class members—which will allow each Former Participant to elect to receive his or her allocable portion of the net settlement amount by check or as a deposit into an individual retirement account or other eligible retirement plan—within sixty (60) days of the Plan Administrator and Recordkeeper being notified as to the amount each Former Participant will receive as part of the final settlement.

**18. Injunction**. The Court hereby enjoins the Named Plaintiff, each Class Member, the Plan, and anyone purporting to act on behalf of the Plan from instituting, asserting, or prosecuting any

of the Released Claims against any of the Released Parties in any federal or state court or any other forum.

    **19. Entry of Final Judgment.** There is no just reason to delay entry of this Final Approval Order and Judgment as a final judgment with respect to the claims asserted in the Action. The Clerk of the Court is expressly directed to immediately enter this Final Approval Order and Judgment.

    **20. Action Closed.** The Clerk of the Court is hereby directed to close the Action.

Dated: 8/26/2025

Signed: s/Michael M. Mihm
The Hon. Michael M. Mihm
U.S. District Court Judge